**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jacqueline Mekhail, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br>v.<br><br>North Memorial Health Care, d/b/a North Memorial Health,<br><br>Defendant. | Case No. 0:23-cv-00440-KMM-TNL<br><br>**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiff Jacqueline Mekhail ("Plaintiff") respectfully submits this Notice of Supplemental Authority in support of her opposition to Defendant North Memorial Health Care's ("North" or "Defendant") pending Motion to Dismiss, *see* ECF Nos. 29, 30, 31, 32, 33, 34, 37, 38, 39. Plaintiff submits this notice to bring to this Court's attention two orders (1) *In re Meta Pixel Healthcare Litigation*, No. 22-cv-03580-WHO (N.D. Cal. Sept. 7, 2023) (W. Orrick) (the "Meta Order"), granting in part, with leave to amend, and denying in part Meta Platforms Inc.'s ("Meta") motion to dismiss the consolidated class action complaint; and (2) *Brown v. Google LLC*, 4:20-cv-3664-YGR (N.D. Cal. Aug. 7, 2023) (Y. Gonzalez Rogers) ("Google Order"), denying Google LLC's ("Google") motion for summary judgment.

## I. *In re Meta Pixel Healthcare Litigation*, No. 22-cv-03580-WHO (N.D. Cal. Sept. 7, 2023)

The Meta Order denied Meta's motion to dismiss plaintiffs' claims for violation of the Electronic Communications Privacy Act ("ECPA"), California Invasion of Privacy Act

(CIPA), breach of contract, and unjust enrichment. The Meta Order is attached as Exhibit A.

Plaintiff's Opposition to North's Motion to Dismiss argues her ECPA claim should proceed because North disclosed the "contents" of Plaintiff's communications, ECF No. 37, at 8-10 and North could not consent to the release of Plaintiff's sensitive information to Meta, *Id.*, at 15-16. In *Meta Pixel Healthcare Litig.*, the court found that plaintiffs "adequately alleged covered content is transferred" to Meta and that "[t]he boundaries of what transferred information is content under the [ECPA] is better determined on a full evidentiary record." *Meta*, at *6. The court further found that whether healthcare providers "consented to the sending of sensitive healthcare information of its customers" are "evidence bound determinations … inappropriate to reach on [a motion to dismiss]." *Id.* at *8.

## II. *Brown v. Google LLC*, 4:20-cv-3664-YGR (N.D. Cal. Aug. 7, 2023)

The Google Order denied, *inter alia*, Google's motion for summary judgment on plaintiffs' claims for violation of the ECPA and intrusion upon seclusion. The Google Order is attached as Exhibit B.

Plaintiff's Opposition to North's Motion to Dismiss argues her ECPA claim should proceed because North disclosed the "contents" of Plaintiff's communications (ECF No. 37, at 8-10) and North could not consent to the release of Plaintiff's sensitive information to Meta. *Id.*, at 15. Plaintiff also argues her intrusion upon seclusion claim should proceed because she had a reasonable expectation in her communications online and the intrusion was highly offensive. *Id.*, at 23-28, 46-49.

Regarding plaintiffs' ECPA claim, the *Brown* court found that plaintiffs adequately alleged covered content was transferred to Meta "by virtue of including the particular document within a website that a person views," which divulges "a user's personal interests, queries, and habits." *Brown*, at *15. The court further found that:

> The Court cannot find as a matter of law that website developers consented to Google tracking users' private browsing data. Though the Court takes Google's point that website developers had to consent to Google collecting data generally when they added Google' services to their websites, Google has not proven that websites consented to the collection of users' private browsing data in particular.

*Id.* at *14.

Regarding plaintiffs' intrusion upon seclusion claim, the *Brown* court found that plaintiffs "had a reasonable expectation of privacy" in their data because the "data collection was vast," "at least disputably sensitive," and arguably collected "surreptitiously." *Id.* at *20. Additionally, the court could not find "as a matter of law, that the data collection [there] was not highly offensive" because plaintiffs offered evidence that "the data collected [was] vast and sensitive." *Id.* at *20.

Respectfully submitted,

Dated: September 28, 2023

*<u>/s/ Brian C. Gudmundson</u>*
Brian C. Gudmundson, (#336695)
Jason P. Johnston, (#391206)
Michael J. Laird, (#398436)
Rachel K. Tack, (#399529)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
brian.gudmundson@zimmreed.com
jason.johnston@zimmreed.com
michael.laird@zimmreed.com

rachel.tack@zimmreed.com

Hart L. Robinovitch, (#240515)
**ZIMMERMAN REED LLP**
14648 N. Scottsdale Road, Suite 130
Scottsdale, AZ 85254
Telephone: (480) 348-6400
hart.robinovitch@zimmreed.com

Nathan D. Prosser, (#0329745)
**HELLMUTH & JOHNSON PLLC**
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 522-4291
nprosser@hjlawfirm.com

David A Goodwin, (#0386715)
**GUSTAFSON GLUEK PLLC**
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgoodwin@gustafsongluek.com

***Attorneys for Plaintiff***