Fredrikson

Fredrikson & Byron, P.A.
Attorneys and Advisors

60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
Main: 612.492.7000
fredlaw.com

October 4, 2023

**VIA ECF**

The Honorable Katherine M. Menendez
United States District Judge
United States District Court
316 North Robert Street
Courtroom 3A
St. Paul, MN 55101

Re: *Mekhail v. North Memorial Health Care, d/b/a North Memorial Health*
Case No. 23-cv-440 (KMM/TNL)
Response to Plaintiff's Notice of Supplemental Authority

Dear Judge Menendez:

Defendant North Memorial Health Care ("North") respectfully submits this letter in response to Plaintiff's Notice of Supplemental Authority (Doc. 40), which referenced *Doe v. Meta Platforms, Inc.*, No. 22-03580, 2023 WL 5837443 (N.D. Cal. Sept. 7, 2023) and *Brown v. Google LLC*, No. 20-3664, 2023 WL 5029899 (N.D. Cal. Aug. 7, 2023). The supplemental authority does not impact North's Motion to Dismiss; the Complaint should be dismissed with prejudice. (*See* Docs. 31, 39.)

In *Meta Platforms*, the plaintiffs sued Meta for allegedly tracking their activities on third-party websites, and they filed a motion for a preliminary injunction, seeking to enjoin Meta from collecting their "patient" information. *See Meta Platforms, Inc.*, 2023 WL 5837443, at *1; *In re Meta Pixel Healthcare Litig.*, No. 22-CV-03580, 2022 WL 17869218, at *1 (N.D. Cal. Dec. 22, 2022).[1] The court denied the preliminary injunction motion, holding that "the balance of equities and public interest factors did not support injunctive relief based on the record at that juncture." *Meta Platforms, Inc.*, 2023 WL 5837443, at *1 (referencing *In re Meta Pixel Healthcare Litig.*). In the supplemental authority referenced by Plaintiff, the court largely relied on its findings from its preliminary injunction order and denied Meta's motion to dismiss. *Id.* at *4.

Plaintiff's Complaint is different from the complaint in *Meta Platforms*. In *Meta Platforms*, unlike this case, the plaintiffs asserted claims against Meta itself—not a healthcare provider or other third-party allegedly using Pixel.

[1] *Meta Platforms* is not a "new" case for Plaintiff; she references the preliminary injunction order at length in her Opposition to North's Motion to Dismiss. The decision Plaintiff referenced in her Notice of Supplemental Authority was issued over two weeks before North's reply brief was due. Nevertheless, Plaintiff waited until after North filed its reply before providing notice to the Court. Plaintiff's notice is untimely, and the additional authority should not be considered.

Fredrikson

Also, unlike Plaintiff's Complaint, the plaintiffs in *Meta Platforms* filed a motion for a preliminary injunction. All that is before this Court is Plaintiff's Amended Complaint and North's Motion to Dismiss.

Setting aside the differences between the cases, and focusing on Plaintiff's argument regarding "contents," the court in *Cousin* rejected similar Pixel allegations against a healthcare provider and dismissed plaintiffs' wiretap claim. *See Cousin v. Sharp Healthcare*, No. 22-2040, 2023 WL 4484441, at *9 (S.D. Cal. July 12, 2023) (granting motion to dismiss plaintiffs' California wiretap claim where plaintiffs failed to provide "sufficient factual support to plausibly claim their content was intercepted by Meta as a result of installing Meta Pixel on Sharp's webpage."); *see also Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1092 (N.D. Cal. 2022); *In re Zynga Privacy Litigation*, 750 F.3d 1098, 1106 (9th Cir. 2014)).

Even if the Court were to assume for purposes of this motion that North disclosed the "contents" of Plaintiff's communications (it did not), Plaintiff's wiretap claims would nonetheless fail, because North was the intended recipient of Plaintiff's communications, and ECPA's party exception applies. *See* 18 U.S.C. § 2511(d)(2); (*see also* Doc. 31 at 5–11; Doc. 39 at 2–7.) The courts in *Kurowski I*, *Kurowski II*, and *Allen* addressed and dismissed nearly identical wiretap claims against other healthcare providers on these grounds. *Kurowski v. Rush Sys. for Health ("Kurowski I")*, No. 22-5380, 2023 WL 2349606, at *5 (N.D. Ill. Mar. 3, 2023); *Kurowski v. Rush Sys. for Health ("Kurowski II")*, No. 22-5380, 2023 WL 4707184, at *4 (N.D. Ill. July 24, 2023); *Allen v. Novant Health, Inc.*, No. 22-697, 2023 WL 5486240, at *4 (M.D.N.C. Aug. 24, 2023).

In *Brown*, the plaintiffs were "Google account holders who used two types of 'private browsing modes': Incognito mode, which is found on Google's Chrome browser, and the private browsing mode of other browsers." *Brown*, 2023 WL 5029899, at *1-2. The court noted that Google represented to the plaintiffs that "it would not collect their information while they browsed privately." *Id.* Despite that representation, the court noted that Google "did so anyway, collecting, aggregating, and selling plaintiffs' private browsing data without their consent." *Id*. Not only did Google collect the plaintiffs' information while in "Incognito" mode, Google collected the information from "over 70 percent of websites" on the internet. *Id.*[2] Based on the evidence in that case, the *Brown* court denied Google's motion for summary judgment. *Id.* at *15.

*Brown* is not relevant here. Unlike *Brown*, Plaintiff's Complaint does not allege that Plaintiff was using an "Incognito" browsing mode. To the contrary, the Complaint alleges that Plaintiff used North's public facing websites and that North acted in accordance with its Privacy Policy. Moreover, the Complaint does not allege that a Pixel was tracking Plaintiff's activities on 70% of the websites on the internet. Plaintiff's Complaint is limited to North's websites alone.

---

[2] The *Brown* court issued its opinion on August 7, 2023—over two weeks before Plaintiff filed her Opposition on August 29, 2023. (*See* Doc. 37.) Plaintiff's Opposition does not cite or reference this additional authority (though cites a related order from the same case (Doc. 37 at 20)), and as a result, it should not be considered.

Fredrikson

Regarding the "contents" argument, as noted above, the *Cousin* court dismissed similar wiretap claims for failure to allege that the "contents" of plaintiff's communications were intercepted as a result of installing Pixel on a healthcare provider's website. *See Cousin*, 2023 WL 4484441, at *9. Further, even if North disclosed the "contents" of Plaintiff's communications (it did not), the party exception applies, and North cannot be liable for Plaintiff's wiretap claims. *See, e.g.*, 18 U.S.C. § 2511(d)(2); *Kurowski II*, 2023 WL 4707184, at *4; *Allen*, 2023 WL 5486240, at *4 .

Plaintiff quotes *Brown* regarding the issue of consent. The *Brown* court noted that although Google account holders consented to using Google, it was undisputed that Google's collection of data in Incognito mode was "unbeknownst" to the account holders and, accordingly, the court found an issue of fact as to whether the account holders "consented" to the Incognito-mode collection. *Brown*, 2023 WL 5029899, at *2. Here, in contrast, the Complaint alleges that North affirmatively disclosed that it "may disclose information to third parties[.]" (*See* FAC ¶ 108).

*Brown* also does not support Plaintiff's intrusion upon seclusion claim. In *Brown*, evidence showed that—contrary to Google's representations—Google was capturing nearly every interaction users had on the internet while in "Incognito" or "private browsing mode." *Brown*, 2023 WL 5029899, at *20. Moreover, Google did not appear to contest that it had engaged in "intrusion;" Google argued that the plaintiffs had no reasonable expectation of privacy or that the intrusion was not "highly offensive" as a matter of law. Here, the Complaint failed to allege that North engaged in "intrusion." Rather, the Complaint alleges that, consistent with North's Privacy Policy, North shared certain information from North's own public-facing website to help improve user experience.

Sincerely,

FREDRIKSON & BYRON, P.A.

*s/ Nicole M. Moen*

Nicole M. Moen
**Direct Dial:** 612.492.7320
**Email:** nmoen@fredlaw.com