Fredrikson

**Fredrikson & Byron, P.A.**
Attorneys and Advisors

60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
Main: 612.492.7000
fredlaw.com

December 5, 2023

**VIA ECF**

The Honorable Katherine M. Menendez
United States District Court
316 North Robert Street
Courtroom 3A
St. Paul, MN 55101

Re: *Mekhail v. North Memorial Health Care, d/b/a North Memorial Health*
Case No. 23-cv-440 (KMM/TNL)
Response to Plaintiff's Notice of Supplemental Authority (ECF Doc. 45)

Dear Judge Menendez:

Defendant North Memorial Health Care ("North") respectfully submits this letter in response to Plaintiff's Notice of Supplemental Authority (Doc. 45), referencing *Cousin v. Sharp Healthcare* ("*Cousin II*"), No. 22-2040, 2023 WL 8007350 (S.D. Cal. Nov. 17, 2023). *Cousin II* does not impact North's Motion to Dismiss; Plaintiff's Amended Complaint ("Complaint") should be dismissed with prejudice. (*See* Docs. 31, 39.) North also respectfully submits *Hartley v. University of Chicago Medical Center*, No. 22-5891, 2023 WL 7386060 (N.D. Ill. Nov. 8, 2023) as authority that further supports North's Motion to Dismiss. The *Hartley* order is attached as Exhibit A.

*Cousin II* addressed a complaint that is materially different from Plaintiff's Complaint. The complaint in *Cousin II* included allegations specific to the named plaintiffs. *Cousin II*, 2023 WL 8007350, at *3. In contrast, Plaintiff's Complaint is very similar to the complaint that the court in *Cousin I* dismissed with leave to file an amended complaint. *Cousin v. Sharp Healthcare* ("*Cousin I*"), No. 22-2040, 2023 WL 4484441 (S.D. Cal. July 12, 2023). Here, as in *Cousin I*, the Complaint provides only a list of general, hypothetical interactions with North's website; the Complaint does not provide allegations as to ***Plaintiff's*** specific interactions. *See id.* at *3–4. At a minimum, *Cousin I* and *II* support dismissing Plaintiff's Complaint without prejudice. *See id.* at *4; *see also Murphy v. Thomas Jefferson Univ. Hosps., Inc.*, No. 22-4674, 2023 WL 7017734 (E.D. Pa. Oct. 10, 2023) (dismissing Pixel case with similar vague, general allegations).

To the extent that the *Cousin II* court found that general browsing interactions on the public-facing website plausibly involve protected information, it is unpersuasive and inconsistent with courts that have considered similar arguments—including that court's prior decision in *Cousin I*. In *Cousin I*, the court stated that general browsing activity on public websites is not protected information. 2023 WL 4484441, at *3 ("Even assuming Plaintiffs had provided this missing information [i.e., individualized allegations], their claims, to the extent they are based upon browsing activity, are subject to dismissal."). The *Cousin II* court provided no rationale for this apparently changed interpretation.

Other courts have held that such browsing interactions on public-facing websites do not give rise to claims like those Plaintiff makes. *See Kurowski v. Rush Sys. For Health*, No. 22-5380, 2023 WL 4707184, at *3–4 (N.D. Ill. July 24, 2023); *Kurowski v. Rush Sys. For Health*, No. 22-5380, 2023 WL 2349606, at *5 (N.D. Ill. Mar. 3, 2023); *see also Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 954–55 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018). Additionally, as North raised at the November 9 hearing, the American Hospital Association's complaint challenging the Department of Health and Human Services' December 2022 privacy bulletin shows why the bulletin's conclusion that using tracking technologies on public-facing hospital websites may be impermissible is inconsistent with the law and why it would have disastrous policy consequences. (*See Amer. Hosp. Ass'n v. Rainer*, Case No. 43-1110 (N.D. Tex.), Doc. 1.)

In addition, *Cousin II* is inapplicable and distinguishable because all the claims are California state law claims, which are not at issue here. *See Cousin II*, 2023 WL 8007350, at *2.

Further, *Cousin II* is not instructive because North raised other reasons to dismiss Plaintiff's Complaint that the *Cousin* defendant did not raise. For example, the *Cousin* defendant challenged only the "highly offensive" element of the California invasion of privacy claims; North also argued that Plaintiff failed to allege an "intrusion." The *Cousin* defendant challenged only the "contents" element of a California wiretap claim; North argued that its status as a party to and intended recipient of the communications precludes the wiretap claims. *Compare id.* at *3–5, *with* Doc. 31 at 6–8, 29–31. In sum, *Cousin II* does not support Plaintiff's arguments, and the Court should grant North's motion to dismiss.

Finally, North notes that in *Hartley v. University of Chicago Medical Center*, No. 22-5891, 2023 WL 7386060 (N.D. Ill. Nov. 8, 2023), the court dismissed a similar Pixel case against a healthcare defendant, because the complaint included only vague generalizations. *Id.* at *2. The *Hartley* court also dismissed an intrusion upon seclusion claim with prejudice because—like here—there was no wrongful intrusion because the *Hartley* plaintiff initiated any disclosures. *Id.* at *2–3.

Sincerely,

*s/ Nicole M. Moen*

Nicole M. Moen
**Direct Dial:** 612.492.7320
**Email:** nmoen@fredlaw.com