Fredrikson

Fredrikson & Byron, P.A.
Attorneys and Advisors

60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
Main: 612.492.7000
fredlaw.com

January 2, 2024

**VIA ECF**

The Honorable Katherine M. Menendez
United States District Court
316 North Robert Street
Courtroom 3A
St. Paul, MN 55101

Re: *Mekhail v. North Memorial Health Care, d/b/a North Memorial Health*
Case No. 23-cv-440 (KMM/TNL)
Response to Plaintiff's Notice of Supplemental Authority (ECF Doc. 49)

Dear Judge Menendez:

Defendant North Memorial Health Care ("North") respectfully submits this letter in response to Plaintiff's Notice of Supplemental Authority (Doc. 49), referencing *Kurowski v. Rush System for Health* ("*Kurowski III*"), No. 22-5380, 2023 WL 8544084 (N.D. Ill. Dec. 11, 2023), and *In re: Grp. Health Plan Litig.* ("*Group Health*"), No. 23-267 (JWB/DJF), 2023 WL 8850243 (D. Minn. Dec. 21, 2023). The supplemental authority does not impact North's motion to dismiss; Plaintiff's Amended Complaint ("Complaint") should be dismissed with prejudice. (*See* Docs. 31, 39.)

*Kurowski III* did not address a motion to dismiss; it granted in part and denied in part a motion for leave to amend to file a second amended complaint. *See Kurowski III*, 2023 WL 8544084, at *4. The standard of review for a Rule 15 motion for leave to amend is different from a Rule 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). *Kurowski III* is not instructive for North's pending motion to dismiss.

*Group Health* is not instructive because it addressed a complaint that is materially different from Plaintiff's Complaint, and because it did not address many of the arguments that North raised. Notably, the *Group Health* court noted that the complaint included detailed allegations specific to the named plaintiffs. *See In re: Grp. Health Plan*, 2023 WL 8850243, at *2, 9 (the complaint "includes examples of nine specific dates that HealthPartners' Pixel transmitted one of the named Plaintiffs' communications to Facebook."). In contrast, Plaintiff's Complaint provides only a list of general, hypothetical interactions with North's website; it does not provide allegations as to Plaintiff's specific interactions.

Plaintiff's Complaint does include specific allegations about the contents of North's Privacy Policy, but they are materially different from those in *Group Health*. The *Group Health* court noted that the plaintiffs "specifically allege that HealthPartners' Privacy Policy 'does not permit Defendant to intercept, transmit, and/or disclose' their private information to third parties 'for marketing purposes.'" *In re: Grp. Health Plan*, 2023 WL 8850243, at *3 (quoting Paragraph 195 of the *Group Health* amended complaint). Here, the Complaint alleged that North's Privacy Policy

Fredrikson

stated that North "***may disclose information to third parties*** who act for us or on our behalf." (Am. Compl. ¶ 108(c), Doc. 22 (emphasis added); *see also* Decl. of Nicole Moen, Ex. B ("Privacy Policy") at 2, Doc. 32-2.) Unlike the allegations regarding HealthPartners's privacy policy in *Group Health*, Plaintiff alleges North acted in accordance with its Privacy Policy.

Regarding the federal and Minnesota Wiretap Act claims, the *Group Health* court cited *United States v. Szymuszkiewicz*, 622 F.3d 701 (7th Cir. 2010), and *In re Pharmatrak, Inc.*, 329 F.3d 9 (1st Cir. 2003), to support its conclusion that a contemporaneous redirection can be an interception. *See In re: Grp. Health Plan*, 2023 WL 8850243, at *6. North, however, argued that because Plaintiff alleged that North was the intended recipient of the alleged communications, North could not have "intercepted" the communications. *Szymuszkiewicz* and *In re Pharmatrak* are not relevant because those cases both involved the surreptitious collection of information by someone other than the intended recipient. *See Szymuszkiewicz*, 622 F.3d at 703 (the defendant surreptitiously created a "rule" in his supervisor's email account that forwarded his supervisor's emails to him); *In re Pharmatrak, Inc.*, 329 F.3d at 15 (website tracking tool developer told website operators that the tool did not collect personally identifiable information, when in fact the software surreptitiously did collect such information).

North also argued that to trigger the crime-tort exception, the crime or tort must be independent of the alleged act of interception. (Def.'s Opening Br. at 10, Doc. 31; Def.'s Reply at 6–7.) The "independent act" requirement is separate from the "purpose" analysis under the crime-tort exception. The *Group Health* court did not analyze the independent act requirement. Plaintiff's Complaint fails to allege any independent act that could potentially trigger the exception.

Regarding the Minnesota Consumer Fraud Act, the *Group Health* complaint did not plead it, so it was not addressed in the decision.

Regarding the Minnesota Deceptive Trade Practices Act claim, the *Group Health* complaint included detailed allegations specific to the named plaintiffs; Plaintiff's Complaint does not. Plaintiff's Complaint does not satisfy *Twombly*/*Iqbal*, much less Rule 9(b)'s particularity requirement applicable to MDTPA claims. In addition, the *Group Health* plaintiffs are current HealthPartners patients and face a risk that their future interactions with the websites will be shared with Meta. *See In re: Grp. Health Plan*, 2023 WL 8850243, at *1. Here, Plaintiff is a past patient who fails to allege that any future interactions or sharing will occur. Therefore, injunctive relief—the only relief available under the MDTPA—would not redress any alleged harm for Plaintiff and, accordingly, she does not have standing for this claim. Because the *Group Health* plaintiffs are current patients, the decision is inapplicable to Plaintiff, given her status as a past patient and her lack of standing.

Regarding the Minnesota Health Records Act claim, the *Group Health* complaint included detailed allegations specific to the named plaintiffs; there was no need to infer or deduce the named plaintiffs' health conditions or status from the information that was allegedly transmitted. Here, the lack of details in Plaintiff's Complaint would not only require the Plaintiff's health condition or status to be inferred or deduced—it would require speculation as to what was disclosed.

Inference and deduction (and speculation) cannot support an MHRA claim. *See Furlow v. Madonna Summit of Byron*, No. A19-0987, 2020 WL 413356, at *3 (Minn. Ct. App. Jan. 27, 2020).

Regarding the intrusion upon seclusion claim, the *Group Health* court did not address that the plaintiffs voluntarily shared their information. If a plaintiff voluntarily shares information with a defendant, and the defendant shares the information with a third party, the defendant has not "intruded." *See Lehman v. Zumbrota-Mazeppa Pub. Sch.*, No. A04-1226, 2005 WL 894756, at *4 (Minn. Ct. App. Apr. 19, 2005) ("Lehman voluntarily provided the letter to the school district. What he objects to is not the school district obtaining the letter but its publication of the letter. Because there was no affirmative act by respondents to obtain the information, the district court properly granted summary judgment for respondents on Lehman's intrusion-upon-seclusion claim."). Plaintiff's intrusion claim fails because she alleged that she voluntarily communicated with North.

Regarding the unjust enrichment claim, the *Group Health* complaint involved different allegations, and the court rejected the defendant's argument that its privacy policy qualified as a contract and foreclosed the unjust enrichment claim. *See In re: Grp. Health Plan*, 2023 WL 8850243, at *4 (privacy policy as contract). North argued that Plaintiff's unjust enrichment claim failed because Plaintiff alleged that patients benefited from North's use of Pixel and that North acted consistently with its Privacy Policy by stating North "may disclose information to third parties". (Am. Compl. ¶ 108(c), Doc. 22.)

Neither *Kurowski III* nor *Group Health* support Plaintiff. Plaintiff's conclusory and hypothetical allegations are insufficient to satisfy *Twombly* and *Iqbal* (or Rule 9(b) related to the fraud claims). Because Plaintiff has already amended her Complaint after North put her on notice of the deficiencies in her original complaint, the Court should dismiss Plaintiff's Complaint with prejudice. At a minimum, however, the Court should dismiss Plaintiff's Complaint without prejudice. *See Cousin v. Sharp Healthcare* ("*Cousin I*"), No. 22-2040, 2023 WL 4484441 (S.D. Cal. July 12, 2023) (dismissing Pixel case with similar vague, general allegations); *Murphy v. Thomas Jefferson Univ. Hosps., Inc.*, No. 22-4674, 2023 WL 7017734 (E.D. Pa. Oct. 10, 2023) (same).

Sincerely,

*s/ Nicole M. Moen*

Nicole M. Moen
**Direct Dial:** 612.492.7320
**Email:** nmoen@fredlaw.com