UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jacqueline Mekhail, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>North Memorial Health Care, d/b/a North Memorial Health,<br><br>Defendant. | Case No. 0:23-cv-00440-KMM-TNL |

## RULE 26(f) REPORT & PROPOSED SCHEDULING ORDER

The parties/counsel identified below initially conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on April 24, 2024 via video conference, and continued those discussions following that conference. The parties and counsel prepared the following report.

**The parties are:**

**Plaintiff:** Jacqueline Mekhail; 9491 Summerlin Rd., Woodbury, Minnesota 55129; Wealth Management Associate at Morgan Stanley. Plaintiff's Counsel are Brian C. Gudmundson and Rachel K. Tack of Zimmerman Reed LLP, Nathan Prosser of Hellmuth & Johnson, and David Goodwin of Gustafson Gluek.

**Defendant:** North Memorial Health Care; 3300 N Oakdale, Robbinsdale, MN 55422; Non-Profit Health Care System. Defendant's Counsel are Nicole Moen and Geoffrey Koslig of Fredrickson & Byron, P.A.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for June 4, 2024, at 1 p.m. before the United States Magistrate Judge Tony N. Leung, via telephone or video conference. The Parties propose the following agenda to be discussed at the conference: pretrial case scheduling and management issues set forth herein or as further directed by the Court.

A.     **DESCRIPTION OF CASE.**

   (1)     **Concise factual summary of Plaintiff's claims:**

This class action arises out of Defendant North Memorial Health Care's ("North Memorial" or "Defendant") unlawful practice of disclosing Plaintiff's and the Class Members' personally identifiable ("PII") and protected health information ("PHI") to third parties, including Meta Platforms, Inc. ("Meta") and other third parties. North Memorial's website is used by thousands of patients and prospective patients to, *inter alia,* search for providers, find facilities, pay medical bills, and research medical conditions and medications. Unbeknownst to Plaintiff and the Class Members, North Memorial embedded Meta Pixel, an invasive piece of tracking source code, into its website. The Meta Pixel surreptitiously captures a website user's actions and data and transmits that data to third parties, including metadata and substantive content. As a result, when Plaintiff entered information into North Memorial's website, that information was secretly transmitted to Meta without Plaintiff's authorization or consent. Plaintiff alleges that the information transmitted to Meta includes both PII and PHI in breach of North Memorial's duty to safeguard its' patients' private medical information and in violation of state and federal law.

Plaintiff and the Class Members allege they have suffered injury as a result of Defendant's misconduct, which includes invasion of privacy, loss of the benefit of the bargain, diminution or deprivation of value of their sensitive information, statutory damage, and the continued and ongoing risk of exposure of Plaintiff's and the Class Members' sensitive information. In Plaintiff's Amended Class Action Complaint, filed June 27, 2023 (ECF No. 22) Plaintiff asserted claims for violations of the federal Electronic Communications Act, 18 U.S.C. § 2511 ("ECPA") and Minnesota Protection of Communications Act, Minn. Stat. § 626A.02 ("MWA") (collectively "Wiretap Statutes"), the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69 *et seq*., ("MCFA"), the Minnesota Uniform Deceptive Trade Practices Act, § 325D.43-48, ("MUDTPA"), the Minnesota Health Records Act, Minn. Stat. §§ 144.291 and 144.293, ("MHRA"), and a claim for invasion of privacy and unjust enrichment. On July 25, 2023, North Memorial moved to dismiss Plaintiff's claims. (ECF No. 29). On March 28, 2024, the Court dismissed Plaintiff's claims for violation of the Minnesota Consumer Fraud Act and Invasion of Privacy without prejudice. The Court denied North Memorial's motion relating to Plaintiff's claims for (1) violation of the Electronic Communications Privacy Act, (2) violation of the Minnesota Wiretap Statute, (3) violation of the Minnesota Uniform Deceptive Trade Practice Act, (4) violation of the Minnesota Health Records Act, and (5) unjust enrichment.

**(2)     Concise factual summary of defendant's claims/defenses:**

North Memorial denies the claims in the Amended Complaint and Plaintiff's claimed damages. North Memorial provides a publicly accessible website that anyone—

3

whether patient, prospective patient, or not—can access. The information on this website is useful and used for a wide range of reasons, including uses other than website visitors' personal medical reasons. It also provides a MyChart "patient portal" that can only be accessed by those with an account. Meta Pixel has never been present on its private patient portal. Therefore, to the extent that North Memorial shared data with Meta as alleged by Plaintiff, it only shared data from its public website and not from its patient portal. North Memorial denies that it disclosed personally identifiable information or protected health information with any third party through the use of Meta Pixel on its website. Plaintiff and class members knew or should have known of and consented to North Memorial's practices. Among other things, North Memorial's website included a publicly available website Privacy Policy that disclosed its practices, including the fact that it may share data generated on its website with third parties as alleged. North Memorial denies that it violated any of the laws or causes of action cited by Plaintiff. North Memorial's practices did not violate any state or federal law. Plaintiff will be unable to demonstrate that she has incurred any damages or that she would benefit from any injunctive relief. North Memorial may identify additional defenses as this matter proceeds.

Additionally, Plaintiff will be unable to satisfy the class action requirements of Federal Rule of Civil Procedure 23 because Plaintiff's claims will turn on facts and questions of law specific to each class member rather than common questions. Similarly, Plaintiff is not typical of the class she seeks to represent. The class is not ascertainable. The foregoing issues are just some of the flaws in Plaintiff's proposal for class treatment.

**(3)     Computation of each category of Plaintiff's damages:**

Plaintiff has alleged damages on behalf of herself and the proposed Class, including statutory damages for each proposed class member, which the Court may assess as $100 a day for each violation or $10,000, whichever is higher, as well as other statutory damages set forth in the Amended Complaint, compensatory and nominal damages. Plaintiff's Class-wide damages model will be the subject of expert analysis and reserves the right to supplement this computation as additional information becomes available and in accordance with the Court's scheduling order, including for the timing of expert witness reports.

**(4)     Statement of jurisdiction (including statutory citations):**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests or costs, there are more than 100 members in the proposed class, and at least one member of the class, is a citizen of a different state from Defendant.[1] This Court further has federal question jurisdiction pursuant to 29 U.S.C. § 1331 because this Complaint asserts claims pursuant to Defendant's violations of 28 U.S.C. § 2511. This Court has personal jurisdiction over Defendant because it engages in a continuous and systematic course of business and maintains its principal place of business in Minnesota. Venue is proper in this Court because Defendant's headquarters are located here, and Plaintiff's claims arise from Defendant's conduct in this district.

---

[1] North Memorial, however, does not concede that even if Plaintiff and the class were to succeed on all claims that the value of damages would exceed $5,000,000.

**(5)  Summary of factual stipulations or agreements:**

The parties have no factual stipulations or agreements at this time.

**(6)  Statement of whether a jury trial has been timely demanded by any party:**

Plaintiff has timely demanded a jury trial. To the extent required and applicable, Defendant has timely demanded a jury trial in its Answer.

**(7)  Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:**

The parties do not agree to resolve this matter pursuant to the Rules of Procedure for Expedited Trials.

**B.   PLEADINGS**

**Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:**

Plaintiff served Defendant with the Amended Complaint on June 27, 2023. (ECF No. 22). Defendant answered the Amended Complaint on May 9, 2024 (ECF No. 60) following the Court's Order on Defendant's Motion to Dismiss (ECF No. 54). At this time, Plaintiff does not plan to amend her pleadings or add additional parties to the action, but reserves the right to do so in accordance with the Federal Rules of Civil Procedure, related authority, or after seeking leave from the Court. At this time, Defendant also does not plan to amend its Answer or add additional parties to the action but also reserves the right to do so.

C.   **FACT DISCOVERY**

**The parties recommend that the Court establish the following fact discovery deadlines and limitations:**

(1)   The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before June 6, 2024.  If the parties include a description by category and location of documents, they agree to exchange copies of those initially disclosed.

(2)   The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by: not applicable.

(3)   The parties must commence fact discovery procedures in time to be completed by July 17, 2025.

(4)   The parties have discussed the scope of discovery and propose that the Court limit the use and numbers of discovery procedures as follows:

> (A)   Interrogatories: **30** interrogatories per side, counted in accordance with Rule 33(a).
>
> (B)   Document Requests:
>
> Plaintiff's Position: Unlimited.
>
> Defendant's Position: 30.
>
> (C)   Factual depositions: **15** depositions per side, excluding experts and non parties. The parties may request additional factual depositions by stipulation or for good cause shown.
>
> (D)   Requests for admissions: **30.**
>
> (E)   Rule 35 medical examinations of Plaintiff to be concluded by: not applicable.

  (F) Fed. R. Civ. P. 30(b)(6) depositions notices shall be served in sufficient time prior to the close of fact discovery to allow for the preparation of witnesses. Parties shall not be limited in the number of Fed. R. Civ. P. 30(b)(6) topics they may serve, although should Defendant provide more than one witness, Plaintiff may depose each witness for up to seven (7) hours. Defendant proposes that any Rule 30(b)(6) notices shall be served on or before June 12, 2025.

**D. CLASS CERTIFICATION**

**The parties recommend that the Court establish the following schedule for any motion for class certification by Plaintiff:**

(1) Plaintiff shall file her motion and any expert declarations in support of the motion by September 11, 2025.

(2) Defendant shall file its opposition to Plaintiff's motion and any expert declaration in support of the opposition by November 20, 2025.

(3) Plaintiff shall file her reply brief in support of class certification and any rebuttal expert declarations in support by February 5, 2026.

**E. EXPERT DISCOVERY**

**(1) The parties anticipate that they will require expert witnesses at the time of trial.**

  (A) The plaintiff anticipates calling 5 experts in the fields of: data privacy, computer coding, internet data collection, behavioral modeling, and the standards of care and practice for medical providers. Plaintiff reserves the right to modify this list.

  (B) The defendant anticipates calling 5 experts in the fields of: data privacy, computer coding, internet data collection, individual internet use, and damages.

**(2)** **The parties propose that the Court establish the following plan for expert discovery:**

The parties have proposed a schedule through class certification. The parties propose that once Plaintiff's motion for class certification is ruled upon, they will contact the Court within 14 days to discuss the scheduling of remaining case deadlines.

**(3)** **Number of Depositions.**

Each side may take only one deposition per expert except by stipulation or good cause shown.

**(4)** **All expert discovery must be completed by: September 3, 2026.** The parties must meet and confer to coordinate expert depositions immediately following each disclosure of experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

**F.** **OTHER DISCOVERY ISSUES**

(1) **Protective Order.** The parties have discussed and do anticipate a protective order will be necessary to govern discovery. The parties will jointly submit a proposed protective order or report identifying any areas of disagreement by June 27, 2024. The parties acknowledge that Local Rule 5.6 governs filing under seal. Therefore, any proposed protective order submitted for the Court's consideration will include an acknowledgement of Local Rule 5.6 and the procedures shall be incorporated by reference.

(2) **Discovery of Electronically Stored Information.** The parties will discuss the disclosure, discovery, and preservation of all electronically stored information,

including relevance, proportionality, and the form in which it should be produced. The parties will jointly submit a proposed ESI protocol or to present any disputes regarding an ESI protocol to the Court by June 27, 2024.

**(3)** **Claims of Privilege or Protection**. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties will include any agreements in their proposed Protective Order.

**(4)** **The parties agree to engage in the Court's informal discovery dispute process on a dispute-by-dispute basis, without waiving any right to present formal motion practice as the parties deem reasonable and necessary.**

### G. PROPOSED MOTION SCHEUDLE

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by: **October 31, 2024**

(2) Motions seeking to amend the pleadings must be filed and served by: **October 31, 2024**

(3) All non-dispositive motions related to fact discovery must be filed and served by: **August 21, 2025**

(4) All other non-dispositive motions, excluding motions related to expert discovery, must be filed and served by: **September 25, 2025**

H.   **MOTIONS AND TRIAL FOLLOWING CLASS CERTIFICATION**

The parties agree to contact the Court to set a schedule for merits expert discovery, dispositive motions (such as Summary Judgment), and trial within 14 days following a ruling on Plaintiff's motion for Class Certification.

The anticipated length of the jury trial is 12-15 days.

I.   **INSURANCE CARRIERS/INDEMNITORS**

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured:

Plaintiff—not applicable.

Defendant—CNA Specialty Insurance. Defendant is in the process of determining its insurance coverage limit and will supplement this report once it has determined the coverage limit.

J.   **SETTLEMENT**

The parties discussed the possibility of settlement discussions but were unable to agree that such a conversation would be fruitful at this point in litigation. The parties propose that a settlement conference be scheduled to take place before April 24, 2025.

K.   **TRIAL BY MAGISTRATE JUDGE**

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Respectfully submitted,

Dated: May 28, 2024

*/s/ Brian C. Gudmundson*
Brian C. Gudmundson, (#336695)
Michael J. Laird, (#398436)
Rachel K. Tack, (#399529)
Benjamin Cooper, (#403532)
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
brian.gudmundson@zimmreed.com
michael.laird@zimmreed.com
rachel.tack@zimmreed.com
benjamin.cooper@zimmreed.com

Hart L. Robinovitch, (#240515)
**ZIMMERMAN REED LLP**
14648 N. Scottsdale Blvd., Suite 130
Scottsdale, AZ 85254
Telephone: (480) 348-6400
hart.robinovitch@zimmreed.com

Nathan D. Prosser, (#0329745)
**HELLMUTH & JOHNSON PLLC**
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 522-4291
nprosser@hjlawfirm.com

David A. Goodwin (#386715)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgoodwin@gustafsongluek.com

***Attorneys for Plaintiff***

<table>
<tr><td>Dated: May 28, 2024</td><td><u>/s/ Geoffrey W.B. Koslig</u><br>Nicole M. Moen (#0329435)<br>Geoffrey W.B. Koslig (#0402717)<br><b>FREDRIKSON & BYRON, P.A.</b><br>60 South Sixth Street, Suite 1500<br>Minneapolis, MN 55402<br>Telephone: (612) 492-7000<br>nmoen@fredlaw.com<br>gkoslig@fredlaw.com<br><br><b><i>Attorneys for Defendant</i></b></td></tr>
</table>