**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JACQUELINE MEKHAIL, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTH MEMORIAL HEALTH CARE, d/b/a/NORTH MEMORIAL HEALTH,<br><br>Defendant. | Case No. 23-cv-440 (KMM/TNL)<br><br>**PROTECTIVE ORDER** |

**This matter comes before the Court on the parties' Stipulation for Protective Order, ECF No. 66,** to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and to ensure that protection is afforded only to material entitled to such treatment. **Based on the Stipulation and pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY ORDERED that confidential information shall be disclosed only in the following designated ways:**

1. **Definitions.** As used in this protective order:

   a. "attorney" means an attorney who has appeared in this action and any in-house counsel for Defendant providing active legal assistance in this litigation;

   b. "competitor," as it relates to Defendant, means a health care provider;

c. "confidential document" means a document designated as confidential under this protective order;

d. to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

e. "document" means information disclosed or produced in discovery, including depositions;

f. "notice" or "notify" means written notice;

g. "outside vendor" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys;

h. "party" means a party to this action; and

i. "protected document" means a document protected by a privilege or the work-product doctrine.

2. **Designating a Document or Deposition as Confidential.**

a. A party or non-party disclosing or producing a document may designate it as a confidential document if the party or non-party contends that it contains (1) non-public information that may reveal a trade secret or other confidential research, development, or commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(1)(G); (2) information that is subject to a confidentiality obligation to a third party; (3) personally identifiable information,

including an individual's name, address, phone number, email address, date of birth, driver's license or other government identification number; (4) health information, including any information that relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual; and (5) financial account or banking information.

b. A party or non-party shall designate a document as confidential by conspicuously marking each page with the word "CONFIDENTIAL."

c. Deposition testimony may be designated as "CONFIDENTIAL":

 (1) on the record at the deposition; or

 (2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

d. If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

e. No party shall be found to have violated this protective order for failing to maintain the confidentiality of material during a time when that material has not been designated confidential, even where the failure to so designate was inadvertent and where the material is

subsequently designated confidential. Designation by either party of information or documents under the terms of this protective order, or failure to so designate, will not constitute an admission that documents or information contained therein are or are not confidential or trade secrets.

3. **Who May Receive a Confidential Document.**

   a. A confidential document, along with the information contained in the confidential document, may be used or disclosed only for the purposes of this action. No person receiving confidential documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph (b) of this Section. Any other use is prohibited.

   b. No person receiving a confidential document may reveal it or the information contained therein, except to:

   (1) the Court and its staff;

   (2) an attorney or an attorney's law partner, associate, legal staff, or outside vendor;

   (3) a person shown on the face of the confidential document to have authored or received it;

   (4) a witness at deposition or trial who is an employee or former employee of a producing party;

(5) a court reporter or videographer retained in connection with this action;

(6) a party (subject to paragraph 3(d)); and

(7) any person who:

    A.    is retained to assist a party or attorney with this action; and

    B.    signs a declaration that contains the person's name, address, employer, and title, and that is substantially this form:

> I, _____, have read and agree to be bound by the protective order dated [date of entry of the protective order] in the case captioned *Mekhail v. North Memorial Health Care, dba North Memorial Health*, 23-cv-440 (KMM/TNL), in the United States District Court for the District of Minnesota. I understand that any violation of the protective order may subject me to sanctions by the Court.
>
> I shall not divulge any documents, copies of documents, or the contents of documents designated "Confidential" obtained pursuant to such protective order, or the contents of such documents, to any person other than those specifically authorized by the protective order. I shall not copy or use such documents except for

the purposes of this action and pursuant to the terms of the protective order.

As soon as practical after my work in connection with the action has ended, but not later than 30 days after the termination of the action (including any appeals), I will return or destroy any confidential document that I received, any copy of or except from a confidential document, and any notes or other document that contains information from a confidential document.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the protective order.

I declare under penalty of perjury that the foregoing is true and correct.

[Date] [Signature]
[Title, Employer]
[Address]

c. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a

party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

    d.    A document designated "AEO – CONFIDENTIAL" under paragraph 2(b) may not be revealed to any person other than one who is identified in paragraphs 3(b)(1)-(5) and (7), supra.

    e.    If a confidential document is revealed to someone not entitled to receive it, the Parties must make reasonable efforts to retrieve it.

4.    **Serving this Protective Order on a Non-Party**. A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6. All documents produced by third parties shall be treated as being designated "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of this Protective Order.

5.    **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6.    **Use of a Confidential Document in Court.**

    a.    Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in

accordance with Local Rule 5.6. **The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary. A Confidential document may be filed only in accordance with Local Rule 5.6. Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow. Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit A attached hereto.**

    b.    Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7. **Changing a Confidential Document's Designation.**

    a.    Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

b. Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

c. Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8. **Handling a Confidential Document after Termination of Litigation.**

   a. Within 60 days after the termination of this action (including any appeals), each party must:

   i. return or destroy all confidential documents; and

   ii. notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 60 day period.

   b. Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document previously submitted to the court, as well as a copy of any drafts, correspondence, or work product not

submitted to the court but which incorporates a confidential document.

9. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

   a. Notice.

      i. A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly (but no later than 7 days following discovery) notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived in this or any other proceeding.

      ii. A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly (but no later than 7 days following discovery) notify the disclosing or producing party or non-party.

   b. Handling of Protected Document(s). A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

   c. The parties shall maintain the right to contest any claim that a document is a "protected document" or otherwise protected from disclosure. Counsel will attempt to resolve any dispute on an informal

basis. If the informal process does not produce a mutually acceptable resolution of the dispute, any party may apply to the court for a ruling and may promptly present the information to the court under seal for a determination of the claim. In connection with the motion, the burden of establishing privilege shall remain with the party producing the information and claiming privilege. The producing party must preserve the information until the claim is resolved in accordance with Fed. R. Civ. P. 26(b)(5)(B).

10. **Security Precautions and Data Breaches.**

    a. Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    b. A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11. **HIPAA and Protected Health Information.** This protective order is intended to constitute a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v).

12. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

13. **Prior Orders. All prior consistent orders remain in fully force and effect.**

14. **Remedies.** Failure to comply with any provision of this protective order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: July 8, 2024

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Mekhail v. North Memorial Health Care, dba North Memorial Health*,
Case No. 23-cv-440 (KMM/TNL)

# EXHIBIT A
# SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
|---|---|---|---|---|---|---|---|
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *5, 8, 12-15, 23-25* | *X* | | | | *Confidential financial information.* |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *16-20, 26-27* | *X* | | | | *Confidential medical records.* |