# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Jacqueline Mekhail, Gregg Lurie, Heidi Kaliher, and Tracy Knight individually, and on behalf of those similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>North Memorial Health Care, d/b/a North Memorial Health,<br><br>    Defendant. | Case No. 0:23-cv-00440-KMM-TNL<br><br>**MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL PURSUANT TO LR 5.6** |

Pursuant to Local Rule 5.6, Plaintiffs respectfully submit this motion for leave to file under seal their unredacted Second Amended Complaint.

1. Local Rule 5.6(a) provides that "[a] document may be filed under seal in a civil case only as provided by statute or rule, or with leave of court."

2. The Sealed Civil User's Manual for the District of Minnesota outlines the procedure for "Filing Sealed Initiating Documents," and directs that "[a] motion seeking leave of the court to keep the complaint or other initiating document under seal . . . should be filed immediately after the redacted document [is filed]." *See* Sealed Civil User's Manual, at 34-35.

3. Plaintiffs seek leave to file under seal the unredacted Complaint, which contains individually identifiable health information ("IIHI") for Plaintiffs.

4. Contemporaneous with the filing of the unredacted Complaint under seal, Plaintiffs will file on the public docket a version of the Complaint with the IIHI redacted.

5. Good cause exists for filing the unredacted Complaint under seal because it contains IIHI for Plaintiffs, including information identifying specific health conditions and relationships with medical providers. *See, e.g.*, *Allen v. Reid*, No. 15-CV-1905 (WMW/SER), 2016 WL 7670606, at *11 (D. Minn. Nov. 29, 2016) (granting defense motion to seal in order to "limit the dissemination of [plaintiff's] medical information"); *see also Holmes v. Minnesota DOC*, No. 23-CV-2969 (PJS/DJF), 2024 WL 991715 (D. Minn. Mar. 7, 2024) (granting motion to seal as to "those documents that appear to contain medical information about" the plaintiff, but denying motion to seal documents that "based on the Court's review, do not appear to contain medical information as asserted.")

6. The Complaint alleges the specific health conditions and relationships with medical providers because several courts have dismissed cases under Federal Rule of Civil Procedure 12(b)(6) for failing to allege the sharing and dissemination of specific health information. *See Doe v. Davita Inc.*, No. 23-CV-01424-AJB-BLM, 2024 WL 1772854, at *2 (S.D. Cal. Apr. 24, 2024) (collecting cases and dismissing Complaint with leave to amend where plaintiffs did "not explain what specific information they provided to Defendant"); *see also Kurowski v. Rush Sys. for Health* ("*Rush II*"), No. 22 C 5380, 2023 WL 4707184, at *3 (N.D. Ill. July 24, 2023) (dismissing claim for failing to allege disclosure of particular health or treatment information and observing that plaintiff "could have requested to file the complaint under seal" to preserve her privacy).

7. In similar cases, district courts have allowed plaintiffs to file under seal unredacted complaints containing IIHI, while also permitting plaintiffs to file redacted versions of the complaints on the public docket. *See Kurowski v. Rush System for Health*

("*Rush III*"), 22-cv-05380 (N.D. Ill. 2022) (ECF No. 87); *Gouch v. Blue Cross Blue Shield Assoc.*, 23-cv-15709 (N.D. Ill. 2023) (ECF No. 23).

WHEREFORE, Plaintiffs move for an Order: (a) granting this motion; (b) sealing the unredacted version of the Complaint and allowing it to remain under seal; (c) allowing Plaintiffs to file publicly a redacted version of the Second Amended Complaint; and (d) granting such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 31, 2024

*s/ Brian C. Gudmundson*
Brian C. Gudmundson (MN #336695)
Michael J. Laird (MN #398436)
Rachel K. Tack (MN #0399529)
Benjamin R. Cooper (MN #0403532)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
brian.gudmundson@zimmreed.com
michael.laird@zimmreed.com
rachel.tack@zimmreed.com
benjamin.cooper@zimmreed.com

Hart L. Robinovitch
**ZIMMERMAN REED LLP**
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
Telephone: (480) 348-6400
hart.robinovitch@zimmreed.com

Nathan D. Prosser (MN #0329745)
**HELLMUTH & JOHNSON, PLLC**
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 522-4291
nprosser@hjlawfirm.com

David A. Goodwin (MN #0386715)
**GUSTAFSON GLUEK PLLC**
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 339-6622
dgoodwin@gustafsongluek.com

Samuel J. Strauss (*Pro Hac Vice* forthcoming)
Raina Borelli (MN # 0392127)
Brittany Resch (MN # 0397656)
**STRAUSS BORELLI PLLC**
908 N. Michigan Avenue, Suite 1610
Chicago Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com
bresch@straussborrelli.com

Lynn A. Toops (*Pro Hac Vice* forthcoming)
Amina A. Thomas (*Pro Hac Vice* forthcoming)
Mallory K. Schiller (*Pro Hac Vice* forthcoming)
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com
mschiller@cohenandmalad.com

J. Gerard Stranch, IV
(*Pro Hac Vice* forthcoming)
Andrew E. Mize
(*Pro Hac Vice* forthcoming)
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
amize@stranchlaw.com

*Attorneys for Plaintiffs*

4