UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GREGG LURIE, HEIDI KALIHER, AND TRACY KNIGHT,<br><br>*individually, and on behalf of those similarly situated*,<br><br>Plaintiff,<br>v.<br><br>NORTH MEMORIAL HEALTH CARE,<br><br>*d/b/a North Memorial Health*,<br><br>Defendant. | Case No. 23-cv-00440 (KMM/TNL)<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO FILE COMPLAINT UNDER SEAL** |

Plaintiffs moved for leave to file the unredacted version of their proposed Second Amended Complaint ("PSAC") under seal, while publicly filing a redacted version of the proposed Second Amended Complaint ("RPSAC"). The Court ordered Defendant North Memorial Health Care ("North") to respond to Plaintiffs' motion by November 7, 2024. (Order, Doc. No. 82.) The Court should deny Plaintiffs' Motion and unseal the unredacted PSAC.[1]

## BACKGROUND

Now-dismissed Plaintiff Jacqueline Mekhail filed a putative class action lawsuit against North arising from North's alleged use of Meta Pixel on its website to transmit

---

[1] In the alternative, the Court could allow Plaintiffs to withdraw the currently sealed PSAC and allow them to refile after removing any allegations they still wish to keep confidential.

certain information about website visitors' activities on the website to Meta. (*See* Compl., Doc. No. 1; 1st Am. Compl., Doc. No. 22; Order Granting Stip. Voluntary Dismissal, Doc. No. 83.) Plaintiffs sought to amend the Complaint, largely to remove the original plaintiff (Jacqueline Mekhail) and to add three new plaintiffs (Gregg Lurie, Heidi Kaliher, and Tracy Knight). (*See* PSAC, Doc. No. 77.) North consented to the amendment while reserving its right to challenge the sealing of the Second Amended Complaint. (*See* Notice of Stip., Doc. No. 75.) Simultaneously, Plaintiffs filed an unsealed redacted version of the PSAC, (RPSAC, Doc. No. 78), and a Motion to file the unredacted PSAC under seal, (Mot. for Leave to File Compl. Under Seal, Doc. No. 79.)

Plaintiffs seek to seal seven different types of information:

1. Their alleged patient status, (*compare* PSAC ¶¶ 19, 27, 35, *with* RPSAC ¶¶ 19, 27, 35);

2. The alleged timing of their patient status and communications, (*compare* PSAC ¶¶ 19, 27, 35, 37, *with* RPSAC ¶¶ 19, 27, 35, 37);

3. An activity Plaintiff Kaliher allegedly took on North's website, (*compare* PSAC ¶ 33, *with* RPSAC ¶ 33);

4. A type of advertisement Plaintiff Kaliher allegedly received, (*compare* PSAC ¶ 33, *with* RPSAC ¶ 33);

5. The location where Plaintiff Knight allegedly received healthcare services from North, (*compare* PSAC ¶ 36, *with* RPSAC ¶ 36);

6. Certain hypothetical data allegedly transmitted to Meta, (*compare* PSAC ¶ 86 Fig. 3, ¶ 87 Fig. 5, ¶ 89, *with* RPSAC ¶ 86 Fig. 3, ¶ 87 Fig. 5, ¶ 89); and

7. A non-specific allegation (including both Plaintiff generally and class members) relating to an element of a Minnesota Health Record Act ("MHRA") claim, (*compare* PSAC ¶ 204, *with* RPSAC ¶ 204).

As explained below, none of the types of information should be sealed.

## ARGUMENT

**I. It should be "the rare exception" to file "any part" of a pleading under seal.**

There is "a general right to inspect and copy public records and documents, including judicial records and documents." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). Although this right "is not absolute, . . . only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (internal quotation marks and citations omitted). "The presumptive right of access is further heightened in class action suits where members of the public are involved." *Wright v. Capella Educ. Co.*, No. 18-1062, 2021 WL 856912, at *2 (D. Minn. Mar. 8, 2021) (citation omitted).

Local Rule 5.6 governs sealing in the District of Minnesota but does not establish a specific standard for determining whether something should remain under seal. *See* LR 5.6; *Wright*, 2021 WL 856912, at *2. The 2024 Advisory Committee Notes to Local Rule 5.6, however, indicate that "it should be the rare exception when ***any part*** of a pleading needs to be filed under seal for reasons other than dictated by statute." LR 5.6 Advisory Committee's Note to 2024 Amendment (emphasis added).

In this case, the Court has also noted the importance of providing public access to information. For example, the Pretrial Scheduling Order noted that information should be

3

filed under seal only if the information "is genuinely confidential and/or there are *compelling* reasons to do so." (Pretrial Scheduling Order, Doc. No. 63 § 1(g) (emphasis in original).) Additionally, at the Hearing on the Motion to Dismiss, the Court noted that even though the case may involve medical information, the information would still need to "be aired in a courtroom." (Mot. to Dismiss, Hr'g Tr. at 37:14–20, Doc. No. 48 ("she chose to bring a lawsuit about her exploration of medical information. . . . I can't let you off the hook because this is sensitive. If it is so sensitive that it can't be aired in a courtroom, don't bring a lawsuit.").)

Courts in the District of Minnesota balance the interests of disclosure with the interests of confidentiality. *See Wright*, 2021 WL 856912, at *1–2. To do so, they have often looked to a six-factor balancing test from *United States v. Hubbard*, 650 F.2d 293 (D.C. 1980). *Id.* The factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Id.* (citation omitted).

Plaintiffs failed to provide a compelling reason why any of the information they seek to redact should be withheld from the public and putative class members.

## II. The balancing test weighs against sealing the PSAC.

The seven types of information should not be subject to sealing under the balancing test.

### 1. Alleged Patient Statuses

Plaintiffs seek to withhold information regarding their patient statuses. (*See* PSAC ¶¶ 19, 27, 35.) There is a strong need for public access to this information. There are numerous similar lawsuits filed across the country, including several in the District of Minnesota. Whether a plaintiff or putative class member is a current, past, or prospective patient, or not a patient at all, may help other courts and parties in other cases evaluate what types of persons can maintain claims in similar circumstances and whether the facts of this case distinguish it from the facts in others. Additionally, it will assist putative class members in their evaluation of whether the named plaintiffs are adequate representatives of their interests, which may depend in part on whether putative class members' statuses match the statuses of plaintiffs. This may affect whether class members would object to or opt-out of possible future class treatment. The Court should protect the interests of absent putative class members. *Cf.* Fed. R. Civ. P. 23(a)(4); *Wright*, 2021 WL 856912, at *2 (D. Minn. Mar. 8, 2021) (noting the heightened presumption of access for class actions). Further, similar status information has already been substantially disclosed in unredacted portions of the RPSAC. (*See* RPSAC ¶¶ 6, 20, 24(d), 28, 32(d), 36, 37, 40(d), 205.) Plaintiffs also have a low privacy interest in this information as it is just related to their general patient statuses with no other details about Plaintiffs. Plaintiffs routinely publicly disclose patient status in lawsuits against health care providers. *See, e.g., Seidling v. Hummel*, No. 10-675, 2011 WL 13234392, at *1 (D. Minn. June 9, 2011).

### 2. Alleged Timing of Patient Statuses and Communications

Next, Plaintiffs seek to withhold information related to the timing of their alleged relevant statuses and communications with North. (*See* PSAC ¶¶ 19, 27, 35, 37.) Because the information allegedly shared by the website, North's representations about the website, applicable law, and the nature of Meta Pixel may have changed over time, such evidence may be relevant to dispositive motion practice and to whether Plaintiffs adequately represent absent class members. Additionally, timing information may be relevant to the size of the class and statutes of limitations issues. The public interest in information that may be related to dispositive motion practice is particularly strong and the presumption of access in such circumstances is "difficult to overcome." *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1045 (D. Minn. 2021). And again, such information may be relevant to a putative class member deciding whether to opt-out or object who may consider whether the named Plaintiffs used the website at the same time as the putative class member. Additionally, Plaintiffs have a low privacy interest in this information as it is just related to the general timing of certain information with no other details about Plaintiffs. Plaintiffs routinely publicly disclose information about the timing of their interactions with health care providers. *See, e.g.*, *Seidling*, 2011 WL 13234392, at *1–2 (D. Minn. June 9, 2011) (discussing precise dates).

### 3. Plaintiff Kaliher's Alleged Activity on North's Website

Plaintiffs seek to seal an action Plaintiff Kaliher allegedly took on North's website. Notably, Plaintiffs do not allege that this action had anything to do with Plaintiff Kaliher personally or her health information, only that she submitted the information. (*See* PSAC

¶ 33.) That information could have had to do with someone else or just something she was curious about. Plaintiff Kaliher does not have a compelling interest or a privacy interest in information that may not actually relate to her personally. *See Wright*, 2021 WL 856912, at *1–2. Even if she had alleged that this information related to her, the information about her actions is sufficiently generalized and indistinct, lessening any privacy interest. On the other hand, this allegation may again relate to dispositive motion practice, evaluating the adequacy of representation by named plaintiffs, and to the decisions of absent class members regarding opting out or possible objections by considering whether their actions were similar to the named plaintiffs.

    **4.**    **Type of Advertisement Plaintiff Kaliher Allegedly Received**

Similarly, Plaintiffs seek to seal information related to the advertisements Plaintiff Kaliher allegedly received. Notably, Plaintiffs again do not allege that this advertisement connects to Plaintiff Kaliher personally as the PSAC does not allege the information submitted relates to her. (*See* PSAC ¶ 33; *see also supra* discussing the information allegedly submitted.) Again, Plaintiff Kaliher has no privacy interest in information that may not actually relate to her personally. Such information could also be relevant to dispositive motion practice, evaluating the adequacy of representation by named plaintiffs, and to the decisions of absent class members who may wonder if they received similar advertisements. For example, advertisements about North generally may present different questions than advertisements involving a specific medical condition.

### 5. Location Where Plaintiff Knight Allegedly Received Health Care Services

Plaintiffs seek to seal information related to where Plaintiff Knight received health care services. (*See* PSAC ¶ 36.) Plaintiffs disclosed similar information unredacted elsewhere in the RPSAC, weighing against sealing it here. (*See* RPSAC ¶ 6.) Given the nature of the location and services offered there, the information is also sufficiently indistinct to lessen Plaintiff Knight's privacy interest in this information. This information could again be relevant to dispositive motion practice, evaluating the adequacy of representation by named plaintiffs, the nature of the class, and to the decisions of absent class members who may consider whether they received care at the same location. While neither is actionable, whether information connected with a location that provides generalized services as compared with a location that provides a specific service could arguably be relevant to the merits, damages, or class certification.

### 6. Certain Hypothetical Data that Could Have Been Transmitted to Meta

Plaintiffs seek to seal certain information that allegedly could have been transmitted to Meta. (*See* PSAC ¶ 86 Fig. 3, ¶ 87 Fig. 4, ¶ 89.) Plaintiffs do not allege which specific Plaintiff this information is connected to or if it is even connected to any of them. Instead, this section describes hypothetical interactions with North's website, rather than specific actions Plaintiffs took. (*See* PSAC ¶¶ 84–89.) Notably, this information was already publicly disclosed to the exact, identical characters in the First Amended Complaint. (*Compare id.*, *with* 1st Am. Compl. ¶ 67 Fig. 3, ¶ 68 Fig. 5, ¶ 70.) As the only Plaintiff in the First Amended Complaint has now been dismissed, this information is almost certainly

not about these Plaintiffs. Therefore, they have no privacy interest in the information. And its prior disclosure lessens anyone's interest in it.

Further, Plaintiffs do not differentiate this information from any of the other information that is unredacted in the same Figures. Nor do Plaintiffs explain what this information is. Therefore, they have offered no compelling reason for redacting this information or treating it differently than the unredacted information.

Because Plaintiffs offer no description of what this information is, it is unclear whether it may be relevant to dispositive motion practice, class certification, and other class-wide issues. But because these issues may turn on exactly what information was shared, it is plausible that such information may be relevant, increasing the public's interest in its accessibility.

### 7. MHRA Element

Finally, Plaintiffs seek to redact part of Paragraph 204 that largely repeats the statutory language of the MHRA. (*Compare* PSAC ¶ 203, *with id*. ¶ 204.) Plaintiffs also make this allegation generally about "Plaintiffs and the Class members." There is no compelling reason to seal a generalized allegation, repeating statutory language as such language is both already in the unredacted portion of the PSAC and statutes are public information.

### III. Plaintiffs' arguments do not support sealing the PSAC.

In their motion, Plaintiffs do not give reasons for sealing portions of the SAC that are specific to their proposed redactions. Instead, Plaintiffs argue generally that the above information should be sealed because it contains individually identifiable health

information ("IIHI") about the Plaintiffs. However, depending on the specific allegation, the information is not IIHI, it is impossible to determine whether it is IIHI, or even if could be considered IIHI, it is of such generality that any privacy interest in it is minimal especially as compared with the public interest in access.

The cases Plaintiffs cite from the District of Minnesota—*Allen* and *Holmes*—do not support finding compelling reasons to seal the PSAC here. In *Allen v. Reid*, the court discussed, in its publicly available decision, information more specific than that Plaintiffs seek to redact here. No. 15-1905, 2016 WL 7670606, at *2, 9–10 (D. Minn. Nov. 29, 2016) (discussing injuries and a requested accommodation). Instead, the court granted a motion to seal information related to the plaintiff's actual medical care. *See id.* at *10. In *Holmes v. Minnesota DOC*, No. 23-2969, 2024 WL 991715 (D. Minn. Mar. 7, 2024), it is unclear from the order what the Court sealed. Elsewhere in the case, however, the court openly discusses more specific conditions, recommended treatments, and a specific medication the plaintiff had been prescribed. *See Holmes v. Minnesota DOC*, No. 23-2969, 2023 WL 11841211, at *2–3 (D. Minn. Dec. 13, 2023); *Holmes v. Minnesota DOC*, No. 23-2969, 2024 WL 2956632, at *1 (D. Minn. June 12, 2024). In other words, the court did not seal information more specific and personal than the information Plaintiffs seek to redact here.

While it is possible future filings in this case should be sealed, Plaintiffs have not demonstrated that there are compelling reasons to overcome the presumption of public access to their complete, unredacted Proposed Second Amended Complaint. This is especially true here because Plaintiffs seek to represent a class. The Court should deny

Plaintiffs' motion to seal and unseal the unredacted version of the Second Amended Complaint.

## CONCLUSION

The Court should deny Plaintiffs' motion and order the Second Amended Complaint to be unsealed.

Dated: November 7, 2024

*s/ Nicole M. Moen*
Nicole M. Moen (#0329435)
Geoffrey W.B. Koslig (#0402717)
Maliya G. Rattliffe (#0401993)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
Telephone: 612.492.7000
nmoen@fredlaw.com
gkoslig@fredlaw.com
mrattliffe@fredlaw.com

***Attorneys for Defendant
North Memorial Health Care***