**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| Gregg Lurie, Heidi Kaliher, and Tracy Knight, individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>North Memorial Health Care, d/b/a North Memorial Health,<br><br>Defendant. | ) | Case No. 0:23-cv-00440-KMM-DLM<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S MOTION TO COMPEL DISCOVERY** |

## TABLE OF CONTENTS

I. INTRODUCTION AND REQUESTS ........ 1

II. PROCEDURAL BACKGROUND CONCERNING PLAINTIFFS' DISCOVERY RESPONSES ........ 9

III. ARGUMENT ........ 14

- a. North's Motion is Moot. ........ 14
- b. North Cannot Meet the Threshold Relevance Requirement for Its Requests. ........ 15
- c. North Did Not Comply with L.R. 7.1 and the Motion is Not Ripe ........ 18

IV. CONCLUSION ........ 20

Plaintiffs Gregg Lurie, Heidi Kaliher, and Tracy Knight submit this Opposition to Defendant North Memorial Health Care, d/b/a North Memorial Health's ("Defendant" or "North") Motion to Compel Discovery filed on September 26, 2025, ECF No. 132. ("Motion").

## I. INTRODUCTION AND REQUESTS

The Court should deny this Motion in its entirety. The Motion follows, in part,[1] from the informal discovery dispute conference the Court held with the parties on September 3, 2025. On August 20, 2025, North requested an informal conference regarding Plaintiffs' discovery responses, and it described the issue as follows:

> Plaintiffs previously indicated that they would provide supplemental interrogatory responses and an additional production document by the end of June. To date, Plaintiffs have made one additional document production, bringing the total number of documents produced to 54. Plaintiffs believe they have substantially completed their document production. Plaintiffs have now stated that they intend to provide supplemental interrogatory responses by August 22, which incorporate new information learned from Defendant's document production. There is a small discrete set of documents from Plaintiffs' social media accounts that is being searched for, collected, and reviewed. If any responsive materials exist, they will be produced, but the production, if any, will comprise a minimal number of documents. In light of the October 2 discovery deadline, Defendant is concerned that any further delay may leave insufficient time to adequately prepare for depositions. Plaintiffs do not believe this issue is ripe.

Tack Decl. Ex. 6. Thus, at the time North requested the informal conference, Plaintiffs understood the only outstanding issues to be a deadline for Plaintiffs to supplement their written responses in accordance with their supplementation proposal, and

[1] The following requests raised in Defendant's Motion were not the subjects of an informal discovery conference with Court: Rog Nos. 6 and 9 and RFP No. 15

the number of documents Plaintiffs had produced, a search term issue. At the conference, the Court requested the parties continue the meet and confer efforts, as the issues concerning Plaintiffs' discovery responses were not ripe.

Plaintiffs supplemented their discovery responses on August 22, 2025 and made supplemental document productions on September 10, 2025 and October 2, 2025, after running additional search terms that North first proposed on August 15, 2025. The parties did not meet and confer regarding Plaintiffs' supplemental responses or document productions. The result is that North has presented the Court with a litany of disputes that are either moot or unripe.

The Motion is moot for Interrogatories ("Rog") 6, 9, and 10 and Requests for Production ("RFP") 9-13 and 15 (collectively "Moot Requests") because Plaintiffs have no additional information to produce for these requests and have so indicated to North. The Motion is unripe to the extent it relates to search terms or the scope of Plaintiffs' searches. North first proposed new search terms on August 15, 2025, eight months after Plaintiffs had identified the search terms they ran to locate responsive documents. Since then, Plaintiffs have made a search term counterproposal, searched Plaintiffs' documents using those terms, and produced all responsive documents collected pursuant to the new search terms. North has not responded. North's Motion is also unripe to the extent it is related to issues with Plaintiffs' supplemental responses or unchallenged positions for Interrogatories 3, 13, 14, and 17 (collectively "Unripe Requests"). Plaintiffs supplemented their responses to these Interrogatories on August 22 and October 2 and North has not challenged the supplemental responses.

The Moot and Unripe Requests should have been the subjects of a discovery meet and confer prior to this Motion. It could have narrowed the dispute. Defendant insisted, however, this entire dispute was ready for motion practice. The parties' positions, as Plaintiffs understand them, are provided below.

> **Interrogatory No. 3 (North's Position):** Identify all email accounts (including the email address and domain, e.g., gmail, yahoo, etc.), computers, computing tablets, computing notebooks, laptops, cell phones, smart phones, external hard drives, flash drives, electronic data storage devices, and any other electronic devices containing flash memory capabilities in your possession, custody, or control, or that you have used to send, receive, access, and/or view any communication or document related to your allegations. For each such device, identify the current operating system (if any) and present location.

***Plaintiffs' Position (Unripe Request)[2]:*** Plaintiffs provided email account and device information for accounts and devices associated with their use of North's website, including the email address associated with North's patient portal and the devices used to access North's websites and application. Tack Decl. Ex. 1 at 11-12, 39-40. The parties exchanged letters concerning this interrogatory, including a letter from Plaintiffs on May 14, 2025. *Id.* Ex. 2 at 2. Plaintiffs' letter asserted their belief that this interrogatory only seeks information for accounts and devices "related to [Plaintiffs'] allegations." Plaintiffs' allegations are about North's websites. *Id.* North did not respond.

> **Interrogatory No. 6 (North's Position):** Identify all social media accounts you have or have had (including Facebook, Instagram, X (f/k/a Twitter), Reddit, or similar) and for each state when you created such account and whether you have deleted any posts, comments, or other activity from such account.

[2] The "Plaintiffs' Position[s]" in this section do not include the objections Plaintiffs made to relevance, proportionality, or overbreadth, which are addressed in later sections.

***Plaintiffs' Position (Moot Request):*** Plaintiffs identified their Facebook accounts and stated they do not recall whether they deleted any posts, comments, or other activity. Tack Decl. Ex. 1 at 16, 42-43.

> **Interrogatory No. 9 (North's Position):** Identify all advertisements you claim to have seen or received that you allege were "targeted" on the basis of information you disclosed to Defendant, and describe in detail the basis for your belief that the advertisement(s) relate to the allegations in your Complaint, Amended Complaint, or Second Amended Complaint.

***Plaintiffs' Position (Moot Request):*** Plaintiffs stated in their responses that they recalled advertisements related to their healthcare services after they visited Defendant's website. *Id.* Ex. 1 at 18-19; 44-45. Plaintiff Knight further asserted she recalled advertisements related to rhinoplasty, which relates to healthcare she received from North Memorial. *Id.* Ex. 3 at 5. Plaintiffs do not have any additional responsive information.

> **Interrogatory No. 10 (North's Position):** Identify and describe in detail all facts supporting the allegations in ¶ 9 of the Second Amended Complaint that "computer IP addresses; dates, times, and/or locations of scheduled appointments; information about patients' health care providers; types of treatments or conditions researched; type of appointment or procedure scheduled; communications between patients and others through the online patient portal, which may have included first and last names and medical record numbers; information about whether patients have insurance; gender and sexual orientation; and if a patient had a proxy portal account, the name of the proxy, and other information submitted by Plaintiff and the Class on Defendant's website or application, was compromised and disclosed to third parties without authorization or consent."

***Plaintiffs' Position (Moot Request):*** Plaintiffs provided all information and articles cited in the Second Amended Complaint ("SAC"), which support Plaintiffs claims. Plaintiffs also identified several of the documents that North has produced through

discovery as responsive to this interrogatory.[3] *Id.* Ex. 1 at 19-22, 45-48. Plaintiffs are not aware of any additional responsive information.

> **Interrogatory No. 13 (North's Position):** Identify by name, address, and telephone number all persons who live in Your household who use a device that connects to the internet (this includes, but is not limited to, cell phones, smart phones, computing tablets, smart watches, computers) and identify each such device**.**

***Plaintiffs' Position (Unripe Request):*** Plaintiffs informed North in their discovery responses that none of the individuals who lived with the Plaintiffs have accessed North's websites. *Id.* Ex. 4 at 7, 20.

> **Interrogatory No. 14 (North's Position):** Identify by name, address, and telephone number all persons who have access to Your email accounts, computers, computing tablets, computing notebooks, laptops, cell phones, smart phones, smart watches, external hard drives, flash drives, electronic data storage devices, and any other electronic devices containing flash memory capabilities in your possession, custody, or control.

***Plaintiffs' Position (Unripe Request):*** Plaintiffs informed North in their discovery responses that none of the individuals that lived with the Plaintiffs have accessed North's websites. *Id.* at 8, 21.

> **Interrogatory No. 15 (North's Position):** For the Relevant Time Period, identify by name, address, and telephone number all persons who have connected to Your IP Address or Your personal home wireless network.

***Plaintiffs' Position:*** Plaintiffs were unable to respond to this interrogatory without a narrower scope. Defendant maintained its as-written position.

> **Interrogatory No. 16 (North's Position):** For the Relevant Time Period, identify by name and address all locations where You have connected to a shared wireless network more than once.

[3] Plaintiffs identified approximately one hundred of North's documents in response to Rog No.12.

***Plaintiffs' Position:*** Plaintiffs were unable to respond to this interrogatory without a narrower scope. Defendant maintained its as-written position.

> **Interrogatory No. 17 (North's Position):** For the Relevant Time Period, identify each application that You have ever downloaded on Your smart phone, smart watch or computing tablet.

***Plaintiffs' Position (Unripe Request):*** Plaintiffs provided information concerning North's mobile application, including that they downloaded the application and when that download occurred. *Id.* Ex. 4 at 10, 23.

> **RFP No. 9 (North's Position):** All documents of any kind, which in any manner refer to, relate to, or reflect any of the allegations contained in the Complaint, Amended Complaint, or Second Amended Complaint, including but not limited to documents sufficient to show all advertisements Plaintiffs allege they received in connection with any allegations in the Complaint, Amended Complaint, or Second Amended Complaint.

***Plaintiffs' Position (Moot Request):*** Plaintiffs searched for advertisements and have no documents to produce. *Id.* Ex. 5 at 18-19, 45-46. Plaintiffs are not aware of any additional responsive documents.

> **RFP No. 10 (North's Position):** All content on Plaintiffs' social media accounts (including Facebook, Instagram, X (f/k/a Twitter), Reddit, or similar) including, without limitation, posts, comments, replies, reactions, check ins, or groups joined, related to Defendant or that reveals or relates to Plaintiffs' health, medical history, health care, or patient status, whether connected to Defendant or otherwise.

***Plaintiffs' Position (Moot Request):*** Plaintiffs produced information from their Facebook accounts that was related to North, if any existed and was located after a reasonable search. Plaintiffs expanded this to include additional search terms related to Plaintiffs' health and medical care and produced additional documents, to the extent any existed. *Id.* Ex. 3 at 2-3. Plaintiffs are not aware of any additional responsive documents.

> **RFP No. 11 (North's Position):** All browsing history for each web browser or application Plaintiffs use to access the internet on each device on which Plaintiffs access the internet (including, without limitation, computers, phones, or tablets).

***Plaintiffs' Position (Moot Request):*** Plaintiffs ran the agreed search terms on their retained Google browsing history, if available. *Id.* Ex. 5 at 21, 47-48. Plaintiff Knight is the only Plaintiff with a Google account, and the entirety of her Google browsing history has been produced after running supplemental search terms. *Id.* Ex. 3 at 3. Plaintiffs are not aware of any additional responsive documents.

> **RFP No. 12 (North's Position):** All internet search engine search history of Plaintiffs' that are retained in any format or by any method, including but not limited to Plaintiffs' Google search history as retained in Plaintiffs' Google accounts if Plaintiffs have Google accounts.

***Plaintiffs' Position:*** Plaintiffs ran the agreed search terms on their retained Google browsing history, if available. *Id.* Ex. 5 at 22, 48-49. Plaintiff Knight is the only Plaintiff with a Google account, and the entirety of her Google browsing history has been produced after running supplemental search terms. *Id.* Ex. 3 at 3. Plaintiffs are not aware of any additional responsive information.

> **RFP No. 13 (North's Position):** Documents sufficient to identify all settings, plug-ins, add-ons, extensions, and any other thing that may have affected Plaintiffs' experience interacting with Defendant's website and any portion thereof or any third party's website, the data shared with or by Defendant's website and any portion thereof or any third party, or the data saved by either party or any third party on each device, web browser, application, or any other thing Plaintiffs used to access Defendant's website and any portion thereof at the time of each such access.

***Plaintiffs' Position (Moot Request):*** Plaintiffs produced documents identifying their MyChart linked devices, device privacy and security settings, Google settings, including settings for data and privacy, third-party cookie settings, ad privacy, security, and

site, Facebook ad settings, Facebook activity logs and recognized devices, Facebook connected apps and websites, and app permissions, to the extent this information was available to the Plaintiffs. Plaintiffs are not aware of additional responsive documents.

> **RFP No. 15 (North's Position):** Documents sufficient to demonstrate the allegations in ¶ 9 of the Second Amended Complaint that "computer IP addresses; dates, times, and/or locations of scheduled appointments; information about patients' health care providers; types of treatments or conditions researched; type of appointment or procedure scheduled; communications between patients and others through the online patient portal, which may have included first and last names and medical record numbers; information about whether patients have insurance; gender and sexual orientation; and if a patient had a proxy portal account, the name of the proxy, and other information submitted by Plaintiff and the Class on Defendant's website or application, was compromised and disclosed to third parties without authorization or consent."

***Plaintiffs' Position (Moot Request):*** Plaintiffs conducted a reasonable search for responsive documents and produced non-privileged documents in their possession, custody, and control. *Id.* Ex. 5 at 25, 52. Plaintiffs are not aware of any additional responsive documents.

North has moved to compel responses to Rog Nos. 3, 6, 9-10, 13-17 and RFP Nos. 9-13 and 15. It is North's position that none of these requests should be narrowed.[4] Plaintiffs have no additional responsive information for Rog Nos. 6, 9, 10 and conducted reasonable searches for documents in response to RFP Nos. 9-13 and 15 and produced responsive documents. Plaintiffs attempted to narrow the requests and provide responsive information

---

[4] On September 8, 2025, Defendant appeared to limit the scope of some of its requests to health and medical information. Tack Decl. Ex. 7. The parties did not meet and confer regarding that email or Defendant's position prior to Defendant's Motion and North did not offer that limitation in its Motion. It is unclear to Plaintiff whether North intends to apply that limitation, and this again sounds like a search term discussion.

within the scope of this case. Rog Nos. 15 and 16 are the only discovery requests for which Plaintiffs have stood on their objections, including overbreadth, relevance, and proportionality.

## II. PROCEDURAL BACKGROUND CONCERNING PLAINTIFFS' DISCOVERY RESPONSES

Below is a summary of the meet and confer process that occurred prior to North filing its Motion.

| Date | Event | Substance |
|---|---|---|
| January 9, 2025 | Defendant's Conformed RFPs and Rogs (Set I) | RFP Nos. 1-16<br>Rog Nos. 1-12 |
| January 15,2025 | Plaintiffs proposed search terms to locate responsive documents | All Requests |
| February 10, 2025 | Plaintiffs' Responses to Conformed RFPs and Rogs | RFP Nos. 1-16<br>Rog Nos. 1-12 |
| March 3, 2025 | Defendant's Rogs (Set II) | Rog Nos. 13-17 |
| April 2, 2025 | Plaintiffs' Responses to Rogs (Set II) | Rog Nos. 13-17 |
| April 11, 2025 | Letter from North's Counsel | RFP Nos. 10-12<br>Rog Nos. 3, 10, 13-17 |
| April 11, 2025 | Plaintiffs' First Document Production | Bates Nos. PLF000001 - PLF000096 |
| April 14, 2025 | Meet and Confer | The parties discussed North's discovery deficiencies, Plaintiff's medical authorization, and the schedule. [5] |
| April 23, 2025 | Email from North's Counsel | North raised a general issue with Plaintiffs' "discovery responses" |

[5] Plaintiffs' and North's counsel each served letters on April 14 and both letters demonstrated the primary focus of the April 14, 2025 meet and confer: North's deficient discovery responses.

| Date | Event | Substance |
|---|---|---|
| April 23, 2025 | Email from Plaintiff's Counsel | Plaintiffs requested clarification of North's April 23, 2025 email |
| April 25, 2025 | Email from North's Counsel | North identified RFP Nos. 10-12 and Rog Nos. 3, 10, 13-17 |
| May 5, 2025 | North requested an informal discovery conference with the Court[6] | North identified RFP Nos. 10-12 and Rog Nos. 3, 10, 13-17 |
| May 6, 2025 | Informal Conference with the Court to discuss discovery disputes | The parties addressed North's discovery deficiencies and North's issues with Plaintiffs' discovery. The Court requested the parties continue the meet and confer process concerning Plaintiffs' discovery responses. |
| May 9, 2025 | Meet and Confer | Plaintiffs requested that North narrow its requests to in accordance with Plaintiffs' and the Court's concerns that requests seeking full browsing history or social media history may capture irrelevant, private information. North refused. |
| May 14, 2025 | Meet and confer | The parties discussed North's deficient discovery and Plaintiffs requested that North narrow its requests. North refused. |
| May 14, 2025 | Letter from Plaintiffs to North | Plaintiffs proposed narrowing RFP Nos. 10-12 and Rog Nos. 3, 10, 13, 14, and 17. |

[6] On April 17, 2025, Plaintiffs requested an informal conference with the Court to discuss North's deficient discovery responses and improper use of Fed. R. Civ. P. 33(d). The conference on May 6, 2025 addressed issues raised by Plaintiffs and Defendant.

| Date | Event | Substance |
|---|---|---|
| May 16, 2025 | Court Status Conference | The parties raised outstanding discovery issues, but did not identify specific requests or objections. |
| June 13, 2025 | Letter from North | North identified purported issues with RFP Nos. 10-12 and Rog Nos. 10, 13, 14, and 17. |
| July 2, 2025 | Email from North | North requested an update on Plaintiffs' supplemental responses following Plaintiffs' May 14, 2025 letter. |
| July 2, 2025 | Plaintiffs' Second Document Production | Bates Nos. PLF000097 - PLF000546 |
| July 28, 2025 | Letter from North | North identified RFP Nos. 10-12 and Rog Nos. 10, 13, 14, and 17 |
| August 11, 2025 | Email from North | North requested the parties discuss its July 28, letter |
| August 12, 2025 | Meet and Confer | Plaintiffs confirmed they were working on supplemental interrogatory responses and would produce additional responsive documents located within a reasonable search. |
| August 14, 2025 | Email from North | North sought an update on Plaintiffs' supplemental discovery responses. |
| August 14, 2025 | Email from Plaintiffs | Plaintiffs confirmed they would supplement Rog Nos. 10, 13, 14, 17 by August 22 and did not have any additional documents to produce. |
| August 15, 2025 | Letter from North | North proposed new search terms for Plaintiffs' document review. |

| Date | Event | Substance |
|---|---|---|
| August 20, 2025 | Joint request for informal conference with the Court | North's interference with a third-party subpoena and an issue with Plaintiffs' discovery responses. |
| August 22, 2025 | Plaintiffs' Supplemental Response and Objections to Defendant's First Set of Interrogatories (Conformed); Supplemental Response and Objections to Defendant's Second Set of Interrogatories; and Supplemental Response and Objections to Defendant's First Set of Requests for Production of Documents (Conformed). | Plaintiffs supplemented their responses to RFP Nos. 10-12 and Rog Nos. 10, 13, 14, and 17. The supplementation clarified that Plaintiffs did not have additional responsive documents for RFP Nos. 10-12.[7] |
| August 28, 2025 | Meet and Confer | The parties discussed North's new search terms. |
| September 3, 2025 | Informal Discovery Conference with the Court | The topics at the conference included North's interference with a third-party subpoena and an issue with Plaintiffs' discovery responses. *See* fn. 5. The Court requested the parties continue the meet and confer process concerning Plaintiffs' discovery responses. |
| September 4, 2025 | Meet and confer | North raised briefing a motion to compel Plaintiffs' discovery responses and Plaintiffs requested clarity regarding the scope of the dispute. |

[7] North claims Plaintiffs' supplemental responses were incomplete. ECF No. 131 at 2. However, North did not challenge Plaintiffs' supplemental responses and their supplementation aligned with Plaintiffs' detailed proposal on May 14. *Id.* Ex. 2.

| Date | Event | Substance |
| --- | --- | --- |
| September 8, 2025 | North's follow-up email from the September 4 meet and confer | North identified RFP Nos. 8-16 and Rog Nos. 5, 6, 8-12, and 17. |
| September 10, 2025 | Plaintiffs' Third Document Production | Bates Nos. PLF000547 - PLF000698 |
| September 12, 2025 | North scheduled a motion to compel confer hearing | North did not provide a description of the motion to compel. |
| September 18, 2025 | Email from Plaintiffs' Counsel | Plaintiffs explained concerns regarding the scope of the motion to compel and apparent failure to meet and confer concerning the topics in the motion and requested North strike the motion and continue the meet and confer process. |
| September 19, 2025 | Email from North's Counsel | North agreed to continue the meet and confer process, but refused to strike its motion. |
| September 24, 2025 | Plaintiffs' Letter to the Court | Plaintiffs requested the Court strike North's Motion for failure to exhaust the meet and confer obligation under L.R. 7.1. |
| September 25, 2025 | North's Letter to the Court | North provided a summary of the meet and confer process, but it was misleading.[8] |
| September 26, 2025 | North's Motion | RFP Nos. 9, 10-12, and 17 Rog Nos. 3, 6, 9-10, 13-17 |

[8] The parties held several meet and confers. Most of the conferences primarily concerned North's discovery deficiencies, the case schedule, the Amended Protective order and related issues, and only mentioned Plaintiffs' discovery responses in passing—there was no substantive meet and confer required by the Local Rules. North's summary also includes mistaken facts: Plaintiffs never agreed to produce specific documents, but only agreed to run reasonable searches.

| Date | Event | Substance |
|---|---|---|
| October 2, 2025 | Letter from Plaintiffs' Counsel | Counterproposal to North's new search terms, including 12 new terms |
| October 2, 2025 | Plaintiffs' Fourth document production | Bates Nos. PLF000699 - PLF001291 |

## III. ARGUMENT

The Court should deny North's Motion because: (1) North's Motion is moot; (2) North's requests seek irrelevant information; and (3) North did not comply with L.R. 7.1 and the Motion is not ripe.

### a. North's Motion is Moot.

North seeks information that has already been produced or does not exist. "A party cannot be compelled to produce what it does not have." *WRB, Inc. v. DAMM, LLC*, No. 21-cv-1899 (NEB/TNL), 2022 WL 17844323, at *2 (D. Minn. Dec. 22, 2022) (citation modified); *see, e.g.*, *Edeh v. Equifax Info. Servs., LLC*, 291 F.R.D. 330, 337 (D. Minn. 2013) (finding that where a party "maintains that it does not have the documents requested," "it cannot be compelled to produce them"); *Farmers Ins. Exch. v. West*, No. 11-2297 (PAM/JJK), 2012 WL 12894845, at *5 (D. Minn. Sept. 21, 2012) ("Of course, the Court cannot order any party to produce something in discovery that does not, in fact, exist."). "The Court must accept, at face value, a party's representation that it has fully produced all materials that are discoverable." *Bombardier Recreational Prods., Inc., v. Arctic Cat, Inc.*, No. 12-cv-2706 (MJD/LIB), 2014 WL 5685463, at *7 (D. Minn. Sept. 24, 2014) (citation modified). Thus, Plaintiffs' assertions that they do not have additional information should be sufficient.

Plaintiffs do not have additional responsive information for the Moot Requests, including Rog Nos. 6, 9, 10 and RFP Nos. 9-13, and have so informed North. Plaintiffs provided narrative responses to the interrogatories and searched for and produced responsive documents. Plaintiffs have no additional information, and while North may disagree with the substance of the responses, that is not a basis for a motion to compel. *See WRB, Inc.*, 2022 WL 17844323, at *3 ("The purpose of a motion to compel is not to challenge the truthfulness of the response, but rather to compel a party to *answer* the interrogatory.") (citing *Stewart v. Cap. Newspapers, Inc.*, No. 09-CV-554-SLC, 2010 WL 1508289, at *3 (W.D. Wis. Apr. 14, 2010)) (emphasis in original). Defendant is asking Plaintiffs to produce information they do not have. Thus, there is nothing to compel.

**b. North Cannot Meet the Threshold Relevance Requirement for Its Requests.**

Defendant cannot establish relevance for its requests beyond the information Plaintiffs already produced. A "'threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.'" *Lynch v. Experian Info. Sols., Inc.*, 569 F. Supp. 3d 959, 963 (D. Minn. 2021) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). Rule 26 also requires information sought in discovery be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "A court may 'find that a request on its face is not proportional to the needs of the case, given the relevance of the requested discovery.'" *Id.* at 963 (quoting *Stan Koch & Sons Trucking, Inc. v. Am. Interstate Ins. Co.*, No. 18-cv-2945 (PJS/HB), 2020 WL 2111349, at *3 (D.

Minn. May 4, 2020)). Defendant's Motion seeks to compel information that includes: (1) all account, internet, and device information for Plaintiffs and non-parties; and (2) all facts that support Plaintiffs claims and North's defenses. These requests seek irrelevant information that is not proportional to the needs of this case and Plaintiffs have already produced substantial information.

First, Defendant seeks all internet, application, online account, and device information concerning Plaintiffs and non-parties, without limitation. Def. Motion at 7-10 (Rog No. 3); *id.* at 14-15 (Rog No. 6); *id.* at 17-38 (Rog Nos. 9, 13, 14, 15, 16, 17 and RFP Nos. 9, 10-13). Plaintiffs provided responsive information, including: (1) Google browsing history, where available; (2) social media account information, such as account name and approximate creation date; (3) information concerning North's mobile application; (4) facts concerning non-parties, including whether they used Plaintiffs' devices to access North's website; (5) Plaintiffs' device and browsing settings; and (6) social media settings, including privacy and ad settings. Plaintiffs made an appropriate effort to narrow Defendant's requests and provide certain information that is relevant to this case, including information specific to North. This is a sufficient production, and requiring Plaintiffs to produce additional information, such as full browsing histories unrelated to North or all social media information, would present significant privacy concerns. *See Marriott Int'l, Inc. Customer Sec. Breach Litig.*, No. 19-MD-2879, 2021 WL 961066, at *10 (D. Md. Mar. 15, 2021) ("'Requiring the plaintiffs to produce their full browsing history presents significant privacy concerns' and [] the defendant 'has not shown that its request for the plaintiffs' full browsing history and cookies is relevant or proportional to the needs of this

case.'") (quoting *Henson v. Turn, Inc.*, No. 15-cv-01497-JSW (LB), 2018 WL 5281629, at *8 (N.D. Cal. Oct. 22, 2018)).

The Court should prevent such invasive and unnecessary discovery. *See WRB*, 2022 WL 17844323, at *2 ("A court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case.") (citation modified); Fed. R. Civ. P. 26(b)(2)(C)(iii). Plaintiffs' privacy interests far outweigh the usefulness of Plaintiffs' complete online histories, particularly where North has already collected and provided to its counsel full medical records for each Plaintiff—records that are not limited to the discovery period or the allegations in this case. *See Wells v. Freeman Co.,* No. 3:21-cv-00047-JRS-MPB, 2022 WL 22672924, at *5 (S.D. Ind. Dec. 20, 2022) (noting court's general reluctance to compel "forensic examinations of personal devices" and application of a proportionality analysis under Rule 26(b)(1) that considers the "burden on the nonmovant's privacy interest in denying the examination of devices for the nonmovant's web browsing history and cookies"); *Reese v. Sherburne Cnty. Det. Ctr.,* No. 0:19-cv-1975-ECT-KMM, 2021 WL 1723780, at *2 (D. Minn. Mar. 16, 2021) (denying a motion to compel where a party seeking medical-related information already has access to the medical records because the discovery was duplicative and the relative burden favored the nonmovant). And North has already attempted to abuse Plaintiffs privacy with these broadly obtained medical records – requesting Plaintiffs apply search terms and produce documents related to every medical issue or condition listed in them, regardless of their relevance to this case. Tack Decl. Ex. 9.

Second, Defendant seeks all facts supporting the allegations in the SAC. Def. Motion at 10-14 (Rog. No. 10 and RFP No. 15). Requests seeking all facts are not proportional to the needs of this case. Indeed, this case presents technical issues Plaintiffs are not expected to completely understand or provide through standard fact discovery. *See, e.g.*, *Brooks v. Boiling Crab Franchise Co.*, No. 2:20-cv-01390-JAM-CKD, 2022 WL 16856257, at *9 (E.D. Cal. Nov. 10, 2022) (finding plaintiffs are not required to possess "the technical know-how to ascertain and explain from a technical standpoint . . . aspects of defendant's website"). Technical components concerning North's website and its tracking technologies should be reserved for North and the parties' experts. The Court should deny North's Motion because the requested information is not relevant or proportional needs of this case, or is more appropriate for an expert witness.

**c. North Did Not Comply with L.R. 7.1 and the Motion is Not Ripe**

L.R. 7.1(a) requires the parties to fully meet and confer before filing a non-dispositive motion. The parties are required to substantively discuss every topic at issue for the motion to compel and failure to have that substantive discussion is grounds for denying the motion. *In re Pork Antitrust Litig.*, No. 18-1776 (JRT/JFD), 2023 WL 203890, at *3-4 (D. Minn. Jan. 17, 2023) (affirming Magistrate Judge's order denying a motion to compel for failure to discuss discovery topics before moving on those topics); *Yang v. Robert Half Int'l, Inc.*, No. 19-CV-2669 (NEB/DTS), 2020 WL 5366771, at *2 (D. Minn. Sept. 8, 2020) ("A court may deny a motion when the parties fail to meet and confer in good faith prior to filing the motion."), *aff'd,* 79 F.4th 949, 961 (8th Cir. 2023). The parties did not substantively meet and confer regarding the requests included in Defendant's Motion.

The issues identified in Defendant's Motion were a surprise to Plaintiffs, and its Motion should be denied for this reason. Throughout discovery, Defendant has inarticulately raised issues with Plaintiffs' discovery responses and has failed to identify those issues with the specificity required for Plaintiffs to respond to the purported deficiencies or resolve the issues. North has also changed the scope of the purported issues, which prevented Plaintiffs from knowing which requests were part of any claimed dispute, or even if the parties had a dispute to address. *See* Tack Decl. Ex. 7 (identifying three RFPs, including Nos. 10-12 and four Rogs, including Nos. 10, 13-14, and 17 as the primary focus of informal resolution efforts);[9] Ex. 8 (identifying nine RFPs, including Nos. 8-16 and six Rogs, including Nos. 5-6, 8, 10, 12, and 17 as at issue); Def. Motion (identifying six RFPs, including Nos. 9-13, 15 and nine Rogs, including Nos. 3, 6, 9-10, 13-17). Indeed, Plaintiffs supplemented their responses to Rog Nos.10, 13, 14, and 17 and RFP Nos. 10-12 on August 22, 2025, which encompassed the requests that had been the subject of the ongoing meet and confer process and made additional document productions in September and October. The parties did not have a substantive meet and confer after Plaintiffs provided supplemental responses. Moreover, Interrogatory Nos. 3, 15, and 16 were not discussed during the parties' ongoing meet and confers and were also not part of Defendant's September 8, 2025 email, which was supposed to clarify the disputes at issue. Yet, those requests are part of Defendant's present Motion.

---

[9] North's July 28 letter incorrectly described the meet and confer process to date, as Plaintiffs had not agreed to produce certain documents. Rather, Plaintiffs agreed to run reasonable searches and produce responsive documents located through the searches.

The Court should deny Defendant's Motion for failure to meet and confer.

## IV. CONCLUSION

Based on the foregoing, the Court should deny Defendant's Motion in its entirety.

Respectfully submitted,

Dated: October 3, 2025

*/s/ Rachel K. Tack*

Brian C. Gudmundson (MN #336695)
Michael J. Laird (MN #398436)
Rachel K. Tack (MN #399529)
Benjamin R. Cooper (MN #403532)
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-341-0400
brian.gudmundson@zimmreed.com
michael.laird@zimmreed.com
rachel.tack@zimmreed.com
benjamin.cooper@zimmreed.com

Hart L. Robinovitch
**ZIMMERMAN REED LLP**
14646 North Kierland Blvd., Suite 145
Scottsdale, AZ 85254
Telephone: 480-348-6400
hart.robinovitch@zimmreed.com

Nathan D. Prosser (MN #0329745)
**HELLMUTH & JOHNSON, PLLC**
8050 West Seventy-Eighth Street
Edina, MN 55439
Telephone: 952-522-4291
nprosser@hjlawfirm.com

David A. Goodwin (MN #0386715)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Phone: (612) 333-8844
dgoodwin@gustafsongluek.com

Raina Borelli (MN #0392127)
Brittany Resch (MN #0397656)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com
bresch@straussborrelli.com

***Attorneys for Plaintiff and Putative Class***