UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Heidi Kaliher and Tracy Knight individually, and on behalf of those similarly situated,

Plaintiffs,

v.

North Memorial Health Care, d/b/a North Memorial Health,

Defendant.

Case No. 23-cv-440 (KMM/DLM)

**DECLARATION OF NICK WORLEY IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THIRD-PARTY DOCUMENTS AND OVERRULE PRIVILEGE DESIGNATIONS**

---

I, Nick Worley, declare and state as follows:

1. I am the Manager of Digital Strategy at North Memorial Health Care, d/b/a North Memorial Health ("North Memorial").

2. In my role, I regularly collaborate with North Memorial's agency partners, including Ciceron, Inc.

3. North Memorial hired Ciceron to assist with digital strategy and execution, including the development of Google Ad campaigns, other online ad campaigns, and analysis of campaign performance metrics.

4. As one of North Memorial's agency partners, Ciceron was responsible for implementing the digital tools on North Memorial's website at issue in this litigation.

5. North Memorial relied on Ciceron's specialized expertise in digital marketing and analytics. Ciceron's expertise was essential to North Memorial's business

objectives, and Ciceron possessed unique, non-public information about North Memorial's advertising practices and consumer engagement. In many circumstances, Ciceron possessed knowledge about the areas in which North Memorial hired it that others on my team and I did not possess.

6. Ciceron was responsible for directly purchasing online digital advertising on North Memorial's behalf from entities such as Meta and Google. Ciceron routinely represented North Memorial and acted as North Memorial's agent in such transactions and other interactions and communications with such third-party vendors and platforms.

7. North Memorial, including myself and others on my team, regularly communicated with Ciceron to carry out the functions we hired it to do. We typically communicated with Ciceron a minimum of once per week and communicated with Ciceron up to multiple times per day when launching campaigns and implementing other projects assigned to Ciceron. These communications from North Memorial included specifically directing Ciceron's work and Ciceron's participation in internal strategy and tactical meetings.

8. After litigation began in this case, North Memorial directed Ciceron to communicate with North Memorial's counsel for the purpose of securing legal advice to defend against this litigation and for other legal advice related to issues raised by this litigation.

9. After litigation began in this case, I communicated with Ciceron at the direction of North Memorial's counsel. I did so for the purpose of obtaining information that North Memorial's counsel requested in order to provide legal advice to defend against

this litigation and for other legal advice related to issues raised by this litigation. I informed Ciceron that such communications were for these purposes. My communications with Ciceron about these issues did not include discussion of other issues.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 30, 2025

Nick Worley