**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Heidi Kaliher and Tracy Knight, individually, and on behalf of those similarly situated,

Plaintiffs,

v.

North Memorial Health Care, d/b/a North Memorial Health,

Defendant.

Court File No. 23-cv-440 (KMM/DLM)

**DECLARATION OF GEOFFREY KOSLIG IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THIRD-PARTY DOCUMENTS AND OVERRULE PRIVILEGE DESIGNATIONS**

---

I, Geoffrey Koslig, declare as follows:

1. I am an attorney with the law firm Fredrikson & Byron, P.A. I am one of the attorneys representing Defendant North Memorial Health Care, d/b/a North Memorial Health ("North") in the above-captioned matter. I submit this Declaration in Support of Defendant's Opposition to Plaintiffs' Motion to Compel Production of Third-Party Documents and Overrule Privilege Designations.

2. After litigation began in this case, Fredrikson & Byron, North Memorial's outside counsel in this case ("North Memorial's counsel"), directed North Memorial to direct Ciceron to communicate with North Memorial's counsel for the purpose of securing legal advice and defending against this litigation.

3. Discussions involving Ciceron and information provided by Ciceron have been integral to North Memorial's counsel's representation of North Memorial, to North

Memorial's strategy in defending this litigation and to other legal advice North Memorial's counsel has provided to North Memorial related to the issues in this case. The communications at issue were made in furtherance of that role.

4. Many of the emails that North Memorial has produced during fact discovery included Ciceron staff. Those documents were not subject to the attorney-client privilege, and North Memorial did not seek to withhold them.

5. North Memorial's production of emails was substantially complete on or around July 11, 2025.

6. Plaintiffs' counsel is in possession of more than 1,000 non-privileged emails and other documents that include or reference Ciceron. North Memorial first produced non-privileged emails and other documents to Plaintiffs' counsel that include or reference Ciceron on or around March 31, 2025.

7. In May 2025, Ciceron began the process of going out of business.

8. On June 26, 2025, Plaintiffs served Ciceron with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena").

9. After receiving the Subpoena, Ciceron's founder and CEO, Andrew Eklund, contacted North Memorial on his own initiative to discuss the Subpoena, and Mr. Eklund subsequently provided three documents that he identified as potentially responsive to the Subpoena to North Memorial's counsel.

10. North Memorial's counsel reviewed these three documents and identified that they constituted attorney-client privileged documents and/or were protected work product.

11. On July 30, 2025, prior to Ciceron's deadline to respond, Mr. Eklund informed Plaintiffs' counsel that all responsive documents had already been provided to North Memorial's counsel. Mr. Eklund further informed Plaintiffs' counsel that North Memorial's counsel had identified the documents as privileged.

12. Attached hereto as **Exhibit A** is a true and correct copy of email communications exchanged between Mr. Eklund and Plaintiffs' counsel regarding the Subpoena and the responsive documents that Mr. Eklund provided to North Memorial's counsel, dated July 30–31, August 4–5, and August 12–13, 2025.

13. I asked Mr. Eklund to produce non-privileged documents responsive to the Subpoena and at no point advised him not to respond to the Subpoena.

14. Although Plaintiffs objected to North Memorial's involvement, the parties ultimately agreed to a protocol under which Ciceron would produce all responsive documents to North Memorial for privilege review.

15. In the meantime, Mr. Eklund identified additional potentially responsive documents which he also provided to North Memorial's counsel after the parties agreed upon the protocol. I reviewed the documents provided by Mr. Eklund and identified a subset of documents containing privileged communications and attorney work product.

16. Consistent with our obligations to North Memorial under the Minnesota Rules of Professional Conduct, North Memorial's counsel withheld those privileged materials.

17. North Memorial complied with the protocol, producing four documents to Plaintiffs on September 23, 2025, that it does not contend are privileged and subsequently provided a privilege log identifying 27 withheld documents, all created after the initiation of this litigation and designated as protected by the attorney-client privilege and work-product doctrine ("Ciceron Privileged Documents").

18. The Ciceron Privileged Documents represent a miniscule percentage of the non-privileged emails and other documents referencing or including Ciceron that North Memorial previously produced in this matter.

19. All of the Ciceron Privileged Documents were created after this lawsuit was filed.

20. All of the Ciceron Privileged Documents relate to legal advice and communications in this case and include North Memorial's outside legal counsel in this case, were created at the direction of North Memorial's outside legal counsel, contain communications from North Memorial's outside legal counsel, and/or discuss the implications of or the implementation of legal advice related to this case.

21. All of the Ciceron Privileged Documents support North Memorial's counsel's defense of this litigation. These communications reflect Ciceron's role in the defense of this litigation and supporting counsel's understanding of the underlying subject matter necessary to provide legal advice and prepare for this litigation.

22. Every person identified on the privilege log with the exception of Allison Eklund is or was at the relevant time either North Memorial's outside counsel, a North Memorial employee, an employee or owner of a North Memorial agency partner, or a retained expert. Ms. Eklund is an attorney representing Ciceron in its response to the Subpoena. To my knowledge, no one other than such persons ever sent or received the Ciceron Privileged Documents.

23. North Memorial's outside counsel retained FTI Consulting Inc. ("FTI") as a non-testifying expert after this litigation began for the purpose of assisting counsel's preparation to defend this case. North Memorial's outside counsel directed FTI to send the correspondence identified and involving it in the privilege log.

I declare under penalty of perjury that to my knowledge the foregoing is true and correct.

Dated: October 30, 2025

*s/ Geoffrey Koslig*
Geoffrey Koslig